BOUTALL, Judge.
Appellant Terry Scott was charged by bill of information with a violation of R.S. 14:62.2, simple burglary of an inhabited dwelling. The jury returned a verdict of guilty of attempted simple burglary of an inhabited dwelling, a lesser included offense of the crime charged. Following a presentence investigation defendant was sentenced to 6 years at hard labor. Scott raised two assignments of error on appeal, both of which we find lack merit.
Scott first contends that the evidence is insufficient to support the verdict under the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), adopted by our courts in State v. Byrd, 385 So.2d 248 (La.1980). Scott next contends that the trial judge erred in admitting into evidence photographs offered by the state which the state failed to make known to the defendant during discovery.
FACTS
On October 6, 1982, Annie Walker unlocked her front door, entered her second floor apartment and discovered it had been burglarized. A deputy and a police technician investigated the incident. The technician lifted a partial fingerprint from a bowl which had been moved from its storage place by the burglar. Examination of the doors and windows revealed no evidence of forced entry; all doors and windows were securely locked.
Several days later, Walker discovered a hole in the ceiling of the locker which enclosed her water heater. She also found a baseball cap lodged in the insulation covering the hole. Inspection of the hole revealed it opened into an attic accessible from all the apartments on the second floor of the building. A trap door,' located near the hole in the ceiling, allowed access down into the adjacent apartment of Mary Ann Calvin. Calvin was Terry Scott’s girl friend.
The partial fingerprint lifted from the bowl was matched to one of Terry Scott’s *428 fingers. A warrant was issued and Scott was arrested.
ASSIGNMENT OF ERROR # 1
Appellant now contends the evidence introduced at trial is insufficient to support a verdict of attempted simple burglary of an inhabited dwelling. In order to determine the validity of this assignment we must first examine the evidence introduced at trial. The first piece of evidence introduced by the state was the fingerprint which was matched to one of Terry Scott’s fingers. The defense stipulated that this fingerprint was, in fact, Terry Scott’s. As to the question of how that fingerprint appeared on the bowl, Walker testified she never authorized the defendant to enter her apartment, never lent anything to him, and never had any type of relationship with him other than an occasional exchange of hellos when they met on the street. Defense witnesses were unable to contradict this testimony.
The baseball cap was the next piece of evidence introduced against the defendant. As previously noted, Walker found this cap lodged in the insulation covering a hole in the ceiling of the locker enclosing her water heater. She testified the cap belonged to Scott and that she saw him wearing it several times. Scott’s girl friend, who lived in the apartment next to Walker’s, testified the cap belonged to the defendant but he had given it to her son who later lost it.
Presumably, Scott gained entry into Walker’s apartment through this hole in the ceiling. It was established at trial that this hole was large enough for a person to climb through. It was also established that there was a continuous, open attic area above Walker’s and Calvin’s apartments, large enough for a person to walk about in. Moreover, there was a trap door in the ceiling of Calvin’s apartment which led directly into this attic area.
Thus, given the above, it is clear that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime proved beyond a reasonable doubt. The fingerprint along with the credibility of the victim, would have been sufficient evidence to sustain the conviction. When supported by the facts of accessibility through the attic, the baseball cap, and the locked windows and doors, the evidence is even more convincing. The assignment lacks merit.
ASSIGNMENT OF ERROR # 2
Appellant next assigns as error the introduction into evidence of photographs offered by the state, the existence of which had not been revealed to the defendant during discovery or prior to trial.
The situation comes about as follows. The investigating team preparing the case for trial realized that it had no photographs of the crime scene. Accordingly, the investigator and a technician went to the victim’s apartment and took pictures of the interior of the apartment as well as some outside pictures some eight months after the commission of the crime. In the meantime, the defendant requested extensive discovery along with a bill of particulars, and number 9 of some 12 requests asked for “an enumeration of and access to all of the documents and tangible evidence within the control of the State, which: a) are intended for use at trial; * * * ”
At the time of the request the photographs had not been taken and obviously they were not included in the State’s return. The photographs were shown to the defendant’s attorney only after the trial began and the technician was testifying as to the taking of the photographs. Counsel raised objection to the introduction of the photographs in evidence because of failure to disclose them on discovery. The objection was sustained by the trial court on the basis that the request quoted above was broad enough to include photographs within the provisions of La.C.Cr.P. art. 718, and that there was a continuing duty of disclosure upon the State under the provisions of La.C.Cr.P. art. 729.3. Later in the trial during the testimony of the felony investigator for the District Attorney, the photo *429 graphs were again offered, and the trial judge permitted the introduction of the photographs under the principles in State v. Phagans, 412 So.2d 580 (La.1982), which he felt to be controlling.
We agree with the rulings of the trial judge. Although the word “photographs” was not specifically included in the discovery request, nevertheless in his consideration of that request it appears that the trial judge considered that all such evidence was included and felt that when the photographs were later taken, the disclosure of the existence of such photographs should have been made. Correspondingly, when the photographs were offered again, it was proven to the judge’s satisfaction that the failure to disclose was not bad faith but occurred simply as a result of a different Assistant District Attorney taking over the case for trial purposes. It was further noted that these photographs do not contain any matters which could cause prejudice to this defendant. Some of them are simply exterior photographs of the premises, some simply illustrate the locks on the windows, and some (which are basically the ones objected to) show a hole in the ceiling of the victim’s closet and some views of the attic showing trap door access to the adjacent apartment.
We consider that the scenes shown in the photographs are merely to depict a visual display of the description afforded by several witnesses of the victim’s premises. The photographs were taken some eight months after the crime occurred and are not offered as direct evidence, but only to visualize and to corroborate the witnesses’ description of the premises and the operation of the locks on the windows. The weight to be assigned to them depends solely upon the credibility of the witnesses and quite frankly we can discern no prejudice which may occur as a result of their introduction.
Additionally, we call attention to the provisions of C.Cr.P. art. 729.5 relating to the sanctions which may be applied by the court for failure to comply with production. That article gives the court discretion to choose a number of sanctions or render such other orders as may be appropriate. Under the facts found by the trial judge and apparent in the record of this case, we conclude that the trial judge acted well within his discretion and we find no error in this assignment.
For the reasons enumerated above, the conviction and sentence are affirmed.
AFFIRMED.