721 So.2d 841 (1998)
STATE of Louisiana
v.
Keith BRAZLEY.
No. 97-K-2987.
Supreme Court of Louisiana.
September 25, 1998.
Richard P. Ieyoub, Attorney General, Hon. Harry F. Connick, District Attorney, Fortune A. Dugan, Jr., Metairie, Richard R. Pickens, II, New Orleans, for applicant.
Dwight M. Doskey, New Orleans, for respondent.
PER CURIAM.[*]
In this prosecution of defendant for fatally stabbing the current lover of his estranged girlfriend, Michelle Guy, the prosecutor revealed to the defense for the first time in his opening remarks to the jury that within minutes of the offense, the defendant had returned to the scene and confided to Gregory Guy, Michelle's uncle, that he had been "waiting to do this." The defense moved "in the alternative" for a mistrial or exclusion of the statement on grounds that the prosecution had failed to provide notice of the statement required by La.C.Cr.P. art. 716(B). Dissatisfied with the state's discovery responses, filed into the record after a change in prosecutors and after the defense had withdrawn all of its pretrial motions including its discovery requests following the state's disclosure of the initial police report, the trial court excluded the statement but denied a mistrial. The Fourth Circuit denied the state's mid-trial emergency writ from that ruling, State v. Brazley, 96-0556 (La. App. 4th Cir. 3/12/96), and thereafter Gregory Guy testified without mentioning defendant's statement.
On appeal following the defendant's conviction for second degree murder, the Fourth Circuit found that exclusion of the statement did not cure a more fundamental and pervasive error: that as the result of its discovery violation, the state had impaired the defendant's right to prepare his defense by misleading him with regard to the strength of its case and undercutting his trial strategy "geared toward showing that the jilted lover [the defendant] may have killed because of jealousy and, that, because no one was present at the actual killing, there might have been provocation, or perhaps even selfdefense." *842 State v. Brazley, 96-1657, pp. 10-11, (La.App. 4th Cir. 11/5/97), 703 So.2d 87, 92. Finding merit in the sole assignment of error urged by the defendant, the court of appeal concluded that the failure of the trial court to grant defense counsel's mistrial motion constituted reversible error. Brazley, 96-1657, pp. 12-13, 703 So.2d at 93.
We agree that the defense counsel's withdrawal of his discovery requests when he received a copy of the initial police report did not give the state a free hand to use Louisiana's discovery articles as a vehicle for misleading the defense with regard to the strength of its case. Louisiana's discovery rules "are intended to eliminate unwarranted prejudice arising from surprise testimony and evidence," and when the defendant "is lulled into a misapprehension of the strength of the state's case through the prosecution's failure to disclose timely or fully," basic unfairness may result. State v. Allen, 94-2262, p. 4 (La.11/13/95), 663 So.2d 686, 688 (citations omitted). In response to a timely discovery request, the state must therefore inform the defense of "the existence but not the contents" of any oral statement "of any nature" it intends to introduce at trial, "with information as to when, where and to whom such oral ... statement was made." La. C.Cr.P. art. 716(B). Nevertheless, mistrial is only one of several remedies provided by La.C.Cr.P. art. 729.5 for discovery violations. The trial court may also in its discretion grant a continuance or may prohibit introduction of the evidence not disclosed in a timely manner. State v. Knighton, 436 So.2d 1141, 1152 (La.1983); State v. Lee, 364 So.2d 1024, 1027 (La.1978).
In this case, defense counsel moved alternatively for sanctions under art. 729.5 before the court ruled on his mistrial motion. To that extent, defense counsel may have waived any further relief when the court granted his motion to exclude the statement. Even assuming that counsel did not acquiesce in the denial of his mistrial motion, however, the state had not affirmatively misled the defense with regard to the strength of its case. Its discovery responses specified the date, time, and place of the offense and gave notice of its intent to introduce "any and all res gestae statements." Although the state had no duty to disclose the content of the defendant's oral statement, the notice was incomplete because it failed to specify the person to whom the defendant had addressed his remark, as art. 716(B) requires. Counsel considered the answer not only incomplete but also misleading because he had assumed that "since no one [else] was present" in the bedroom where the defendant stabbed the victim after forcing his way past his former girlfriend into her apartment, the state had "meant nothing" by its apparently pro forma response. The state had, however, also specifically identified the other persons on or near the scene placed at risk by the defendant's homicidal act, including Gregory Guy, and its notice was broad enough to encompass the defendant's statements and acts witnessed by them immediately after the offense as an integral part of the charged transaction despite his momentary departure from the scene to secure his vehicle before returning to dispose of the victim's body. See State v. Bates, 495 So.2d 1262, 1270-71 (La.1986); State v. Shilling, 440 So.2d 110, 113 (La. 1983).
Perhaps because he had already withdrawn all of his motions, or because his own private investigator had interviewed several of the witnesses, including Michelle Guy, whose prior volatile relationship with the defendant formed the core of the manslaughter defense, counsel did not ask for a more particularized response from the state before trial. While counsel suggested during trial that a more specific answer "would have been something we would have followed up on in an investigation," he did not dispute the prosecutor's assertion that the defense investigator had already approached Gregory Guy. Apparently of his own accord and not at the instance of the District Attorney's Office, the witness had refused to speak with the investigator.
On this record, the trial court did not abuse its discretion by concluding that any failure by the state to comply with discovery had not so impaired preparation of the defense that a mistrial, as opposed to exclusion of the evidence, afforded the only adequate remedy under art. 729.5. Although the record *843 does not indicate whether the court made good on its resolve to caution jurors that the remarks of counsel during opening and closing statements did not constitute evidence to consider during deliberations, the single reference to the statement by the prosecutor during his opening remarks told jurors no more than what they would learn from the testimony of Michelle Guy that the defendant had known of her relationship with the victim before the night of the offense, that it angered him, and that it goaded into making threats to her. Michelle Guy had found the threats sufficiently credible to caution the victim on the night of the offense to park around the corner from her apartment in an effort to avoid precipitating the fatal confrontation which then followed.
Accordingly, we reverse the decision of the court of appeal, reinstate the jury's verdict of second degree murder and affirm the defendant's conviction for second degree murder and his sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
JUDGMENT OF THE COURT OF APPEAL REVERSED; VERDICT REINSTATED; CONVICTION AND SENTENCE AFFIRMED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
If the prosecutor's discovery responses required by La.Code Crim.Proc. art. 716B[1] had been as clear and complete as his opening statement, defense counsel would not have been misled in evaluating the manslaughter defense. However, because of the prosecutor's incomplete, awkward and misleading discovery responses, defense counsel was unaware of the necessity of confronting the evidence that the prosecutor, after failing to reveal the statement in discovery, deemed important enough to emphasize in the opening statement.
Once the prosecutor told the jury of the undisclosed statement allegedly made by defendant, the bell could not be unrung. Moreover, the alleged statement was critically damaging to defendant's claim that the crime had been committed in the heat of passion.
The prosecutor's reference to the undisclosed statement warrants a reversal of the conviction and a retrial with fair notice of the extremely damaging evidence.
NOTES
[*] KIMBALL, J. not on panel. See Rule IV, Part II, Sec. 3.
[1] La.Code Crim.Proc. art. 716 B provides:

Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made. (emphasis added).