757 So.2d 74 (2000)
STATE of Louisiana
v.
Nelson SMITH.
No. 99-KA-1020.
Court of Appeal of Louisiana, Fifth Circuit.
February 29, 2000.
*75 Harry J. Morel, Jr., District Attorney, Howat A. Peters, Assistant District Attorney, Hahnville, Louisiana, Attorneys for Appellee.
Margaret S. Sollars, Thibodaux, Louisiana, Attorney for Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and CLARENCE E. McMANUS.
EDWARDS, Judge.
Defendant/appellant Nelson Smith appeals the judgment of the trial court finding him guilty of two counts of cocaine distribution in violation of LSA-R.S. 40:967 A. Smith allegedly sold crack cocaine to the same undercover police officer *76 on two separate occasions. He alleges that the evidence presented at trial was insufficient to support his conviction beyond a reasonable doubt. For the following reasons, we affirm the judgment of the trial court and remand with instructions.
On the evening of January 21, 1993, an undercover police officer purchased crack cocaine from a man he later identified as Nelson Smith. On March 5, 1993, the same undercover officer purchased crack cocaine from the same individual at a different location. On both occasions, the drugs were tested positive for cocaine.
The undercover officer learned from a confidential informant that the seller of the cocaine was Nelson Smith. The officer was shown a photographic line-up and identified Smith as the person who sold him the crack cocaine on both dates in question.
Smith was charged with two counts of distribution of cocaine in violation of LSA-R.S. 40:967 A. He pled not guilty to the charges. A twelve person jury was empaneled and the case went to trial on March 15, 1995, before the Honorable Robert A. Chaisson of the Twenty-Ninth Judicial District Court. On March 16, 1995, the jury returned a verdict of guilty as charged on both counts.
Smith filed a motion for new trial which was heard on September 20, 1995. The trial court took the matter under advisement. On October 23, 1996, the trial court denied the motion and sentenced Smith to twelve (12) years at hard labor on each count, with credit for time served. The sentences were to be served concurrently.
Smith filed a motion for appeal on November 14, 1996, which was granted by the trial court. This Court dismissed the appeal as untimely. Writs were filed with the Supreme Court and subsequently granted in part and denied in part. The case was remanded to the trial court for a hearing to determine whether Smith was entitled to an out-of-time appeal. On December 16, 1998, the trial court granted Smith an out-of-time appeal. The matter is now before this Court for review.

LAW AND ANALYSIS
Smith alleges two assignments of error on appeal. In his first assignment of error, Smith alleges that there was insufficient evidence presented at trial to support his conviction beyond a reasonable doubt. In his second assignment of error, Smith alleges that the trial court erred by not granting his motion for a new trial when the State did not give proper notice of evidence it intended to use at trial. These assignments of error are without merit and the judgment of the trial court must be affirmed.
In his first assignment of error, Smith alleges that there was insufficient evidence presented at trial to support his conviction beyond a reasonable doubt. The appropriate standard of review for determining the sufficiency of the evidence was set forth in Jackson v. Virginia.[1] The reviewing court must decide, after viewing the direct and circumstantial evidence in the light most favorable to the prosecution, whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt.[2] Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt.[3]
*77 In addition to proving the statutory elements of the charged offense at trial, the State is required to prove the identity of the perpetrator.[4] Moreover, where the key issue in the case is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof.[5]
The factors to be considered in assessing the reliability of an identification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the prior description of the criminal, the level of certainty displayed at the confrontation, and the time between the crime and the confrontation.[6]
Smith bases his allegations on the presumption that the identification made by Officer Manuel, the undercover officer who identified him as the perpetrator of these crimes, was vague and insufficient. He argues that the officer's initial description of him lacked sufficient detail to be of any use. He also argues that the identification was made many weeks after the alleged transactions and that the officer could not have positively identified the suspect after this length of time.
Officer Manuel had an adequate opportunity to view the suspect on both occasions. On the date of the second purchase, he immediately recognized the suspect as the same person whom he made a purchase from in January. This person was later identified as Smith.
The identification made by Officer Manuel meets the criteria as set forth in Manson. The jury made a credibility determination, and chose to accept the officer's testimony. It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence.[7] The State presented sufficient evidence to convict Smith of two counts of distribution of cocaine in violation of LSA-R.S. 40:967 A. The judgment of the trial court must be affirmed.
In his second assignment of error, Smith alleges that the trial court erred by not granting him a new trial when the State did not give proper notice of the evidence it intended to use at trial. The evidence in question is a photographic line-up, use of a confidential informant, and the chain of custody of the cocaine.
LSA-C.Cr.P. art. 718 obligates the State, on defense motion, to produce documents and tangible objects which: "(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or (2) are intended for use by the State as evidence at the trial, or (3) were obtained from or belong to the defendant." LSA-C.Cr.P. art. 729.5 provides that when a party has failed to comply with the provisions of the discovery articles, "the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate."[8]
The discovery articles are intended to eliminate unwarranted prejudice which could arise from surprise testimony and evidence, to permit the defense to answer the State's case, and to allow the defendant to properly assess the strength *78 of the State's evidence in preparing a defense.[9] When the defendant is lulled into a misapprehension of the strength of the State's case through the prosecution's failure to disclose timely or fully, and the defendant suffers prejudice when the undisclosed evidence is used against him, basic unfairness results which constitutes reversible error.[10] However, a conviction will not be reversed on the basis of a discovery violation unless prejudice is shown by the trial court's adverse ruling.[11]
This Court will first address the photographic line-up evidence. Smith requested any evidence of a photographic line-up in his Prayer for Oyer filed on March 18, 1994. When the evidence was produced at trial, Smith objected, alleging that he had never received this evidence in response to his prayer. The State replied that it sent the evidence to Smith and produced a witness who testified that she mailed copies of the requested material to defense counsel. The trial court overruled Smith's objection to the photographic lineup and allowed it into evidence. Smith was granted a short recess to view the photos.
Smith was not prejudiced by his late receipt of the photographic line-up. Even if he had been prejudiced, the trial court awarded a sufficient remedy by allowing him time to review the photos. The photographic line-up was properly introduced into evidence and its introduction is not grounds for a new trial.
Smith alleges that the State did not provide for the chain of custody of the cocaine at trial and that this omission is grounds for a new trial. The State produced the chain of custody form at trial and introduced it into evidence. Smith objected, alleging that he never received a copy of the form, even though he had previously requested it. The objection was overruled and Smith was provided with a copy of the form.
Smith was not prejudiced by his late receipt of the chain of custody form. He did not request the form in any of his discovery motions and it is not considered Brady material. Smith has not shown that he was prejudiced by the trial court's refusal to exclude the chain of custody form. The form and the testimony relating to it were properly introduced into evidence and the introduction is not grounds for a new trial.
During trial, Officer Manuel disclosed that a confidential informant was involved in the investigation. Smith objected to the testimony relating to the confidential informant, alleging that he had not been previously notified of the informant's involvement. The trial court sustained the objection and did not allow any further mention of the informant. Smith was not prejudiced by this action and there are no grounds for a new trial. The judgment of the trial court must be affirmed.
The record was reviewed for errors patent.[12] There are two errors which must be corrected on remand to the trial court.
The trial court failed to allow a twenty-four hour delay between denial of Smith's motion for new trial and his sentencing, as required under LSA-C.Cr.P. art. 873. Although the article provides that Smith may expressly waive the delay, the transcript does not reflect an express waiver. Defense counsel merely reminded *79 the trial court that the motion for new trial had to be disposed of before sentencing. This Court has held that an error in sentencing a defendant without the twenty-four hour delay is harmless where the defendant neither complains of the sentence nor claims to have been prejudiced by the mistake.[13] Such is the case here. Therefore, no corrective action is required.
At the time of sentencing, the trial court failed to advise Smith of the three-year delay in which to file for post-conviction relief, as provided by LSA-C.Cr.P. art. 930.8. Further, an amendment to the article, which became effective on August 15, 1999, shortens that prescriptive period. See 1999 La. Acts 1262. The amended article provides, in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
. . . .
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence become final.
The application of the amended prescriptive period in Smith's case would not violate ex post facto prohibitions, as the article itself does not relate to an offense or its punishment.[14] We order the district court to send written notice of the amended prescriptive period to Smith within ten (10) days of the rendering of this opinion, then to file written proof in the record that he received such notice.[15]
Although the transcript reflects that the trial court imposed a separate sentence for each of the two counts of cocaine distribution, the commitment lists only one sentence of twelve years. Where the transcript and the minute entry conflict, it is the transcript which prevails.[16] We order the trial court to amend the commitment to conform with the sentencing transcript.
In summary, the trial court did not err in finding Smith guilty of two counts of distribution of cocaine in violation of LSA-R.S. 40:967A. The evidence was sufficient to support the convictions. The trial court did not err in failing to grant Smith's motion for new trial. The judgment must be affirmed and remanded with instructions.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[2] State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Holmes, 98-490 (La.App. 5th Cir. 3/10/99), 735 So.2d 687.
[3] State v. Ortiz, supra; State v. Stanley, 98-920 (La.App. 5th Cir. 2/10/99), 729 So.2d 33; writ denied, 99-614 (La.6/25/99), 745 So.2d 1186.
[4] State v. Jones, 98-842 (La.App. 5th Cir. 2/10/99), 729 So.2d 57.
[5] Id.; State v. Lott, 97-1002 (La.App. 5th Cir. 5/27/98), 712 So.2d 289.
[6] Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Clennon, 98-1370 (La.App. 5th Cir. 6/30/99), 738 So.2d 161.
[7] State v. Jones, supra at 64; State v. Rowan, 97-21 (La.App. 5th Cir. 4/29/97), 694 So.2d 1052.
[8] See State v. Brazley, 97-2987 (La.9/25/98), 721 So.2d 841.
[9] State v. Rainey, 98-436 (La.App. 5th Cir. 11/25/98), 722 So.2d 1097; writ denied, 98-3219 (La.5/7/99), 741 So.2d 28.
[10] Id.
[11] Id.; State v. Pardon, 97-248 (La.App. 5th Cir. 10/15/97), 703 So.2d 50; writ denied, 97-2892 (La.3/20/98), 715 So.2d 1207.
[12] LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
[13] State v. Alexander, 98-993 (La.App. 5th Cir. 3/10/99), 734 So.2d 43; State v. Forrest, 95-31 (La.App. 5th Cir. 2/14/96), 670 So.2d 1263; writ denied, 96-0654 (La.6/28/96), 675 So.2d 1117.
[14] See State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; State v. Boles, 99-662 (La.App. 5th Cir. 11/10/99), 750 So.2d 1059.
[15] State v. Boles, supra.
[16] State v. Lynch, 441 So.2d 732 (La.1983).