852 So.2d 1088 (2003)
STATE of Louisiana
v.
Keith M. CHAPLAIN.
No. 03-KA-0338.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 2003.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Frank A. Brandisi, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, Keith Chaplain, appeals his conviction on a charge of theft of goods valued between $100 and $500, and his consequent sentence of one year at hard labor. For reasons that follow, we affirm.
The record shows that defendant was charged with a violation of La. R.S. 14:67.10 as a result of a shoplifting incident at the Sports Authority. In due course he was tried by a jury and found guilty as charged. Subsequently, he was sentenced to one year at hard labor.

FACTS
On March 25, 2002, Brian Lobell was working as a loss prevention manager for Sports Authority on Citrus Boulevard in the Elmwood area. At approximately 6:00 p.m., while watching the store's security cameras, Mr. Lobell observed defendant looking at the knives at the hunting counter. Defendant was conversing with the sales associate who had given defendant a display knife. Mr. Lobell then observed defendant pick up a Leatherman, a multi-tool knife similar to a Swiss army knife, off a nearby shelf and set it down on a floor display. He later saw defendant use the display knife to open the Leatherman package, remove the knife and conceal it in his pocket. At this point, Mr. Lobell called the police. Defendant subsequently hid the empty Leatherman package behind some basketballs.
Defendant, who still had the display knife in his hand, mingled around the store and then exited the store "passing all points of sale." The police arrived as Mr. *1089 Lobell was following defendant out of the store. Mr. Lobell confronted the defendant and told him to return the knife that was in his hand. Defendant complied and was then handcuffed by Deputy Rene Lacombe. Thereafter, Mr. Lobell took the Leatherman out of defendant's pocket and defendant was escorted back inside the store and into the loss prevention office. Once inside, Deputy Lacombe advised defendant of his Miranda rights. Mr. Lobell patted down defendant for additional merchandise and discovered two pairs of Bolle sunglasses in defendant's pocket which defendant admitted stealing. Mr. Lobell testified that the total value of the merchandise taken was approximately $275 with the Leatherman valued at $69.99, the display knife valued at $45, and the sunglasses valued at $79.99 each.

LAW
In brief to this court, defendant assigns one error. He asserts the trial court erred by not suppressing a videotape after the State failed to comply with discovery procedures. Defendant argues the trial court erred in denying his motion in limine to exclude a videotape, depicting the shoplifting, from evidence after the State failed to timely disclose the existence of the videotape. Defendant maintains he filed a motion for discovery after his arraignment asking for any physical evidence the State intended to use at trial. He contends the State did not mention the videotape in its discovery responses. He asserts he did not learn of the videotape until after the jury was selected. Defendant alleges he suffered prejudice by the admission of the videotape because the late disclosure of the evidence gave him minimal time to prepare a defense, thereby affecting the fairness of the proceedings.
The State responds that the videotape was cumulative evidence and, therefore, defendant was not prejudiced by its late disclosure. The State argues the videotape did not reveal or add anything new but merely depicted the testimony given by the witnesses.
LSA-C.Cr.P. art. 718(2) requires the State, on defendant's motion, to produce documents and tangible objects which "are intended for use by the State as evidence at the trial." The State is under a continuing obligation to promptly disclose additional evidence that may be discovered, or that it decides to use as evidence at trial. LSA-C.Cr.P. art. 729.3. When a party fails to comply with the provisions of the discovery articles, "the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate." LSA-C.Cr.P. art. 729.5(A); State v. Smith, 99-1020 (La.App. 5 Cir. 2/29/00), 757 So.2d 74, 77, writ denied, 00-1017 (La.3/30/01), 788 So.2d 439. It is within the trial court's discretion to choose an appropriate remedy for a discovery right violation that will offset any possible prejudice. State v. Bourque, 96-0842 (La.7/1/97), 699 So.2d 1, 11, cert. denied, 523 U.S. 1073, 118 S.Ct. 1514, 140 L.Ed.2d 667 (1998).
In State v. Smith, supra, at 77-78, this Court explained:
The discovery articles are intended to eliminate unwarranted prejudice which could arise from surprise testimony and evidence, to permit the defense to answer the State's case, and to allow the defendant to properly assess the strength of the State's evidence in preparing a defense. When the defendant is lulled into a misapprehension of the strength of the State's case through the prosecution's failure to disclose timely or fully, and the defendant suffers prejudice *1090 when the undisclosed evidence is used against him, basic unfairness results which constitutes reversible error. However, a conviction will not be reversed on the basis of a discovery violation unless prejudice is shown by the trial court's adverse ruling.
(Internal citations omitted.)
In the present case, defendant filed a motion for discovery prior to trial seeking, among other things, a description of "any physical evidence, objects, materials, substances, instruments, and/or dangerous weapons now or heretofore in the possession of the State, that are intended for use by the State at trial, material to the defense, or obtained pursuant to this investigation." According to defense counsel, the "discovery packet" provided by the State did not mention the videotape; a fact which does not appear to be disputed by the State.
On the second morning of trial, defendant made an oral motion in limine seeking to exclude the videotape from being used as evidence at trial. Defense counsel stated he learned of the videotape at the conclusion of jury selection the day before and had not seen the videotape. He argued the videotape should be excluded because the State failed to timely comply with his discovery request. The trial court denied the motion in limine and recessed the trial to give defense counsel an opportunity to view the videotape. The trial court specifically advised defense counsel that the motion in limine could be re-urged after he viewed the tape.
Defense counsel viewed the videotape and re-urged his motion. He argued defendant was prejudiced by the admission of the videotape because there was no adequate time to prepare a defense to the videotape. Defense counsel agreed the tape was more or less corroborative of the expected testimony of the eyewitnesses and admitted the tape did not necessitate any new witnesses. The trial court affirmed his denial of the motion in limine.
We find that defendant has failed to show any specific prejudice that resulted from the untimely disclosure of the videotape. By defense counsel's own admission, the tape corroborated expected testimony and did not reveal any new witnesses. Defendant did not demonstrate how his defense would have been different had he learned of the videotape prior to trial. He merely made a broad assertion that he did not have time to prepare a defense to the videotape. Further, there was no allegation or evidence of bad faith on the part of the State.
As stated above, the trial court has broad discretion in fashioning a remedy for a discovery violation. In the present case, the trial court recessed trial to give defendant an opportunity to view the videotape. After defendant viewed the tape, he renewed his motion to exclude the tape from evidence. Had defendant needed more time to prepare a defense, he could have requested a continuance but he did not. Exclusion of the evidence for tardy disclosure is an extreme remedy. State v. Arnaud, 412 So.2d 1013, 1017 (La.1982).
In State v. Scott, 461 So.2d 426 (La.App. 5 Cir.1984), this Court determined the late disclosure of photographs of the location of the crime during trial did not prejudice the defendant and, therefore, the exclusion of the photographs from evidence was not required. In Scott, the photographs merely depicted the premises where the crime occurred and did not contain any matters that could cause prejudice to the defendant. This Court found the photographs merely provided a visual display of the description afforded by several witnesses of the victim's premises. This Court noted that the photographs were not offered as direct evidence but only as a visualization *1091 and to corroborate the witnesses' description of the premises and the operation of the locks on the windows. In that case we could discern no prejudice that may occur to defendant as a result of the introduction of the photographs.
In the present case, the videotape depicted defendant committing the crime. Prior to the introduction of the tape, Brain Lobell testified he observed defendant shoplift two knives and explained in detail the actions of defendant during the crime. The videotape, which was created by Mr. Lobell, was then played to the jury during which Mr. Lobell was asked to explain portions of the tape. The videotape merely corroborated Mr. Lobell's testimony. There are no facts revealed by the videotape to which testimony had not been given. As in State v. Scott, supra, it is difficult to imagine any prejudice defendant suffered by the introduction of a corroborating videotape. Defense counsel himself could not articulate any specific prejudice. Thus, we find no abuse of the trial court's discretion in refusing to exclude the videotape from evidence. The trial court provided a sufficient remedy to defendant when it recessed trial to give defendant an opportunity to view the videotape. Accordingly, we find no merit in this assignment of error.
For the foregoing reasons, we affirm defendant's conviction and sentence.
AFFIRMED.