ROLAND L. BELSOME, Judge.
bThe defendant, Gary Girard, appeals his conviction and sentence for possession of heroin. For the following reasons, we affirm.

PROCEDURAL HISTORY OF CASE

The defendant was charged by bill of information with possession of heroin. At arraignment, the defendant entered a plea of not guilty. The trial court denied pretrial motions. After a jury trial, the defendant was found guilty as charged. After pleading guilty to an amended multiple offender bill charging him as a second felony offender, the defendant was sentenced to serve eighteen years at hard *689 labor to run concurrently with any other sentence.
This timely appeal follows.

STATEMENT OF THE FACTS

Detectives Wayne Jacque and Kareem Jefferson of the New Orleans Police Department were the only witnesses to testify at trial. Both testified that the defendant was arrested after he was observed making a drug purchase from Janero McBride,[1] who was the subject of a police investigation involving narcotics distribution near the intersection of Pauger and North Villere Streets.
|20n July 22, 2010, following the receipt of information from a confidential informant, Detective Jacque established surveillance near the intersection. At that time, he observed a male, later identified as Mr. McBride, make several hand-to-hand narcotics transactions. During the transactions, a buyer would approach McBride and hand him currency. Mr. McBride then entered a nearby abandoned house, remained inside briefly, came back out, returned to the buyer, and handed over a small object. On the first day of the surveillance, no attempts were made to stop any of the suspected buyers or Mr. McBride.
On July 23, 2010, Detective Jacque resumed surveillance and observed Mr. McBride sitting on the front steps of 2104 Pauger Street. A white male, later identified as the defendant, approached on foot. As with the earlier suspected narcotics transactions, the defendant handed Mr. McBride currency; Mr. McBride entered the abandoned house at 2108 Pauger, then returned to the defendant within five minutes and handed him a small object. With binoculars, Detective Jacque was able to see that the object was wrapped in foil. The detective, an eighteen-year veteran, testified that the foil was consistent with packaging for heroin. After the defendant walked away from Mr. McBride, Detective Jacque broadcast his description to the take-down unit and requested that he be stopped.
Detective Jefferson was one of the members of the take-down unit. Based upon the information relayed by Detective Jac-que, the defendant was detained a few blocks away. The defendant was advised of his rights and of the purpose for the stop. During his interaction with the defendant, Detective Jefferson observed a foil-wrapped object in the defendant’s mouth. He directed the defendant to spit the object out and seized the object. He opened the foil, and found a substance inside, which field-tested positive for heroin. The defendant’s arrest followed.
| sShortly thereafter, McBride was arrested for distribution of heroin. Officers searched 2108 Pauger Street and found numerous tin foil-wrapped packets of heroin, consistent with the packets found on the defendant, and a substantial amount of crack cocaine. Cocaine was also seized from McBride’s person.

ERRORS PATENT

A review for errors patent reveals that the bill of information is missing from the record. In State v. Hart, 2010-1614, p. 3 (La.App. 4 Cir. 11/2/11), 80 So.3d 25, 28 (citing State v. Mitchell, 553 So.2d 915 (La.App. 4 Cir.1989)), this Court found that a record lacking a bill of information was harmless error, where the defendant made no complaint that he was unable to properly defend himself; the docket master indicated that the bill of information had been filed; and the record reflected *690 that the bill of information was read to the jury at the beginning of the trial.
Here, the record shows that a bill of information was filed. The trial transcript reflects that the bill of information was read to the jury at the commencement of trial without objection by the defendant. No motion to quash the bill of information was filed by the defendant, nor has he alleged any prejudice due to the lack of a bill of information in the appellate record. Accordingly, the absence of the bill of information is harmless.

DISCUSSION

On appeal, the defendant argues that the trial court abused its discretion in allowing the State to admit the crime lab report even though a copy was not provided to the defense pursuant to his written discovery request.
The State was in possession of the crime lab report at issue. This report included positive drug-test results on all of the evidence recovered from the | incident: heroin from the defendant, cocaine from McBride, and cocaine and heroin from the abandoned house. Just before trial, when the criminalist was present to testify, the prosecutor approached defense counsel and requested that she stipulate to the crime lab report. After agreeing to make the stipulation, defense counsel realized that she did not have a copy of the report in her file.
During trial, defense counsel stipulated to the contents of the report, reserving her objections to the relevancy of the evidence concerning McBride and the abandoned house, as well as the untimely disclosure of the report.[2] At the conclusion of trial, defense counsel made a record of her previous timeliness objection, and moved for a mistrial on this basis. At that time, the prosecutor stated that he was not aware that the document was not provided to the defense and noted that the defendant had agreed to stipulate to the report before trial.
La.C.Cr.P. art. 729.5 authorizes the trial court to sanction a party who has failed to comply with the discovery rules set forth in the Louisiana Code of Criminal Procedure. Under La.C.Cr.P. art. 729.5, the court “may,” among other things, prohibit the party from introducing into evidence the subject matter not disclosed.
Louisiana’s criminal discovery rules are intended to eliminate unwarranted prejudice arising from surprise testimony and evidence, to permit the defense to respond to the State’s case, and to allow a proper assessment of the strength of the State’s case. La.C.Cr.P. arts. 716-729; State v. Brazley, 97-2987, (La.9/25/98), 721 So.2d 841, 842 (per curiam). When á defendant is lulled into a misapprehension of the strength of the State’s case through the State’s failure to fully disclose, basic unfairness may result. Id. Mistrial is only one of several | ¿remedies provided by La.C.Cr.P. art. 729.5 for discovery violations; a trial court may also grant a continuance or prohibit introduction of the evidence not disclosed in a timely manner. State v. Lee, 00-2429, p. 19 (La.App. 4 Cir. 1/4/01), 778 So.2d 656, 666. It is within a trial court’s discretion to exclude evidence or enter any appropriate order to remedy a party’s violation of a discovery right. Id. (citing State v. Bourque, 96-842 (La.7/1/97), 699 So.2d 1, cert. denied, 523 U.S. 1078, 118 S.Ct. 1514, 140 L.Ed.2d 667 (1998)).
The record demonstrates that the State failed to timely provide the defense with a copy of the crime lab report before *691 trial; however, there is nothing to indicate that the defense was prejudiced by the late production of the contents of the report. The testimony at the motion hearing reflected that the substance seized from the defendant had field-tested positive for heroin. Defense counsel was willing before trial, and without allegedly having seen the report, to stipulate to it. Further, defense counsel did in fact stipulate to the contents of the report at trial; while reserving her relevancy objection to the admission of the drugs associated with McBride and the abandoned house.
Since the defendant has failed to show that he suffered any prejudice, we cannot find that the trial court abused its discretion in admitting the lab report or in refusing to grant a mistrial.
Besides, the record before us indicates that the defendant primarily took issue with the admission of the drugs recovered from Mr. McBride and the abandoned house, not the timely nature of the lab report. Thus, the defendant’s additional assignment of error on appeal involves the relevancy of this particular evidence. He argues that the evidence associated with Mr. McBride and the house was irrelevant, had no probative value, and was highly prejudicial.
IfiAt trial, the State admitted all of the drugs seized into evidence, as well as the results of the tests on all of the drugs. Defense counsel stipulated that, if called to testify, the criminalist would testify that the substance seized from the defendant tested positive for heroin. However, she objected to the admission of any drug evidence not pertaining to her client.[3] The State argues that the evidence of the other drugs was relevant, probative, and constituted res gestae. We agree.
 A trial court’s ruling as to relevancy will not be disturbed absent a clear abuse of discretion. State v. Sanders, 12-409 (La.App. 4 Cir. 11/14/12), 104 So.3d 619, 629-30 (citations omitted). A trial court is vested with much discretion in determining whether the probative value of relevant evidence is substantially outweighed by its prejudicial effect. Id. (citation omitted). Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401.
Using the doctrine of “res ges-tae ” ‘the State complete^] the story of the crime on trial by proving its immediate context of happenings near in time and place.’ State v. Taylor, 01-1638, p. 10 (La.1/14/03), 838 So.2d 729, 741 (quoting State v. Colomb, 98-2813, p. 3 (La.10/1/99), 747 So.2d 1074, 1076, quoting State v. Haarala, 398 So.2d 1093, 1098 (La.1981)). Res gestae includes testimony of witnesses regarding what they heard or observed before, during, or after the commission of the crime, if a continuous chain of events is evident under the circumstances. State v. Grant, 41,745, p. 15 (La.App. 2 Cir. 4/4/07), 954 So.2d 823, 835, writ denied, 07-1193 (La.12/7/07), 969 So.2d 629.
|7In Grant, supra, the defendant, along with several others, was arrested during the execution of a search warrant of an apartment. The defendant was observed dropping a plastic bag, which contained separately packaged bags of cocaine, inside of a hole in the bathroom. Id., 41,745 at 2, 954 So.2d at 828. A search of the bedroom yielded more cocaine, as well as ecstasy tablets. Id. The appellate court found that the drugs from the bedroom were *692 properly admissible because it was part of “res gestae ” and, though not construed as belonging to the defendant, the drugs provided the jury information from which they could infer that the apartment was a place used for drug distribution. Id., 41,745 at 15-16, 954 So.2d at 828.
As in Grant, the admission of the narcotics recovered from the abandoned house and Mr. McBride’s person constitutes “res gestae.” Though not belonging to the defendant, the evidence relative to the recovery of the other drugs allowed the State to present a complete chain of events. The introduction of the actual narcotics allowed the jury an opportunity to observe whether the narcotics possessed by the defendant were packaged the same way as the narcotics connected to Mr. McBride. This would support or controvert Detective Jac-que’s testimony that the defendant had just purchased the drugs from Mr. McBride. In the context of this case, we cannot say that the trial court abused its discretion in determining that probative value outweighed any unfair prejudice and admitting the evidence.
For the reasons discussed, the defendant’s conviction and sentence are affirmed.
AFFIRMED

. McBride's first name is spelled "Genaro” (phonetically) throughout the transcripts. However, the police report reflects that his first name is spelled "Janero.”

. The record reflects that the timeliness objection occurred during a side bar conference.

. Although trial counsel did not specifically state that the evidence was not relevant, the record reflects that this was the basis for the objection.