750 So.2d 1059 (1999)
STATE of Louisiana
v.
Adolph BOLES.
No. 99-KA-662.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1999.
*1060 Margaret S. Sollars, Thibodaux, for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Frank Brindisi, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and MARION F. EDWARDS.
DALEY, J.
The defendant entered a guilty plea to distribution of cocaine in violation of LSA-R.S. 40:967 A. He subsequently pled guilty to being a multiple offender. He has appealed, alleging the guilty plea entered on the underlying offense was invalid. For reasons assigned, we affirm the judgment of the trial court.

FACTS:
The Sheriff's office received information from a "concerned citizen" about individuals selling narcotics in the area of Milan Street in Metairie. Agent Kendrick Thomas, working in an undercover capacity, proceeded to that location equipped with a video recorder and an audio transmitter. Thomas was also provided with "marked" currency with which to purchase narcotics.
Agent Thomas approached defendant, Adolph Boles, and said he wanted to buy some crack cocaine. On defendant's instructions, Thomas drove around the block. When he returned to the corner, defendant gave him a rock of crack. Thomas asked defendant for additional rocks and defendant again directed the officer to drive around the block. When Thomas returned, defendant gave him two more rocks. The officer gave defendant sixty dollars in exchange.
The substance purchased by Thomas field-tested positive for cocaine. Thomas gave a description of the man who had sold him the crack and the videotape of the transaction was viewed by officers.
Later on the day of the drug transaction, the defendant was spotted by another officer. Because defendant fit the description of the man who had sold cocaine to Agent Thomas, the defendant was stopped and asked for identification. The officer ran defendant's name on the police computer and found he had a criminal history. A photographic lineup was compiled which included a picture of defendant. Agent Thomas identified defendant as the man who had sold him the cocaine.
The defendant was arrested and charged with distribution of cocaine. He pled not guilty. The defendant filed a Motion to Suppress the Evidence. Following the denial of the Motion to Suppress the Evidence, the defendant entered a guilty plea, reserving his right to appeal the trial court's denial of the Motion to Suppress in accordance with State v. Crosby, 338 So.2d 584 (La.1976).

DISCUSSION:
On appeal, rather than arguing the trial court erred in denying the Motion to Suppress, the defendant argues the trial court erred in accepting his guilty plea without making the defendant fully aware of his constitutional rights that were being waived. By this assignment, defendant argues that he did not knowingly and voluntarily change his plea to guilty and that his plea was, therefore, invalid. Defendant specifically complains that the trial judge failed to ascertain whether he was capable *1061 of understanding the proceedings, as the trial judge did not inquire about the level of defendant's education. The defendant further alleges that the record does not show that his attorney adequately conferred with him prior to his guilty plea. Moreover, defendant asserts that the court failed to advise him that he had a right to call witnesses on his own behalf and to a be represented by counsel at no expense to himself.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) provides that in order for a guilty plea to be considered knowing and voluntary, the trial court must first advise the accused of his right against self-incrimination, his right to a jury trial, and his right of confrontation. The court must also ascertain that the defendant's waiver of those rights is intelligently made. See State v. Godejohn, 425 So.2d 750 (La.1983).
Prior to the trial court's Boykin colloquy in this case, defense counsel stated he and defendant had watched the police videotape the State intended to use as evidence and that they had discussed the proposed plea agreement. When questioned by the court, defendant confirmed this. Counsel subsequently stated:
Your Honor, I have spoken at length with Mr. Boles and I have discussed this matter with him fully, and we have gone over his options in detail. We've had a motion to suppress, on his request, and he wishes at this time to withdraw his former plea of not guilty and enter a guilty plea under "Crosby".
Defense counsel's statements are evidence that he did have meaningful consultation with defendant.
The record shows that, contrary to defendant's claims, he was properly apprized of his rights under Boykin and was told of his right to call witnesses on his own behalf. Moreover, the guilty plea transcript shows that defendant understood those rights as they were explained to him and that he willingly entered his guilty plea. The trial court advised defendant as follows:
The Court: You understand you waive certain rights by pleading guilty?
The Defendant: Yes, sir.
The Court: You have a right to a trial by a jury or you can waive the jury and be tried by the judge alone. Do you understand that, Mr. Boles?
The Defendant: Yes, sir.
The Court: You have a right to be confronted by the people who have accused you of this crime. Is that understood?
The Defendant: Yes, sir.
The Court: You have a privilege against self-incrimination. Do you understand that?
The Defendant: Yes, sir.
The Court: And these rights are waived by your guilty plea. Is that understood?
The Defendant: Yes, sir.
The Court: Now, you're presumed innocent until the district attorney proves guilt beyond a reasonable doubt. Do you understand that?
The Defendant: Yes, sir.
The Court: So, you can force the district attorney to call witnesses who would testify against you and could cross-examine them through your own lawyer. Is that understood?
The Defendant: Yes, sir.
The Court: If you elect to do so you may testify at trial, you may present your witnesses and present any evidence you have at trial. Is that understood?
The Defendant: Yes, sir.
Defendant thereafter stated that no one had threatened or coerced him in order to induce him to plead guilty. The transcript does not show that the trial court explicitly advised defendant at the time of his guilty plea that he had the right to an appointed attorney if he could not afford one. However, defendant did have the assistance of an appointed attorney at the time of his guilty plea, indicating that he was aware of that right.
It is true, as defendant claims, that the trial judge failed to ascertain his level of education, There is no constitutional or *1062 statutory requirement that the trial court ascertain a defendant's educational level before accepting a guilty plea. See State v. Nuccio, 454 So.2d 93 (La.1984). Additionally, the record as a whole tends to show that defendant understood his constitutional rights and the ramifications of waiving them.
The record contains a guilty plea form signed by both defendant and his attorney. The form lists each of the Boykin rights, and bears defendant's initials next to each of those rights. The form serves as further evidence that defendant was apprized of his rights before he entered his guilty plea and that he knowingly and voluntarily waived them. Based on the foregoing, we find the defendant knowingly and intelligently waived his rights when he entered the guilty plea.
The record in this case was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975).
After accepting defendant's guilty plea to the multiple offender, the trial court informed him that he had "three (3) years in which to file for post-conviction relief." This advisal was incomplete, as at the time of the sentencing, LSA-C.Cr.P. art. 930.8 provided that a defendant has three years from the day the judgment becomes final in which to file an Application for Post Conviction Relief. An amendment to article 930.8, which became effective on August 15, 1999, shortens that prescriptive period. See 1999 La. Acts 1262. The amended article provides, in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
* * * * * *
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
The application of the amended prescriptive period in defendant's case would not violate ex post facto prohibitions, as the article itself does not relate to an offense or its punishment. See State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189, 1201. Therefore, we hereby order the district court to send written notice of the amended prescriptive period (along with an advisal of when the period begins to run) to defendant within ten days of the rendering of this opinion, then to file written proof in the record that defendant received said notice. State v. Stelly, 98-578 (La.App. 5 Cir. 12/16/98), 725 So.2d 562.
We note an error in the enhanced sentence imposed by the court. LSA-R.S. 15:529.1 G requires that the defendant's habitual offender sentence be served without benefit of probation or suspension of sentence. Moreover, LSA-R.S. 40:967 B(4)(b) provides that at least the first five (5) years of a sentence for cocaine distribution must be served without benefit of parole, probation or suspension of sentence. The transcript shows that the court did not impose the statutory restrictions when it sentenced defendant as an habitual offender. Although the sentence is illegally lenient, the jurisprudence in effect at the time the sentence was imposed does not allow this court to correct the error. Where the state has failed to preserve the error for appeal by filing a timely Motion to Reconsider Sentence in the district court, and by raising the issue on appeal, the reviewing court may not set aside an illegally lenient sentence. State v. Fraser, 484 So.2d 122 (La.1986); State v. Harrell, 98-671 (La.App. 5 Cir. 1/26/99), 727 So.2d 1231.[1]
*1063 For the foregoing reasons, the conviction and sentence of the trial court are affirmed and this matter is remanded to the district court to properly inform the defendant of the time period for seeking post-conviction relief.
CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] The law in this area changed on August 15, 1999, when LSA-R.S. 15:301.1 became effective. See 1999 La. Acts, No. 94. The new statute provides:

A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D. Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.
Section 2 of the act further provides, "The provisions of Section 1 of this Act shall legislatively overrule the cases of State v. Jackson, 83-2360 (La.S.Ct.6/25/84), 452 So.2d 682, Pierre v. Maggio, 83-0860 (La.S.Ct.1/27/84), 445 So.2d 425, and any other case which is contrary to the provisions of this Act." Retroactive application of the provisions of this statute would violate the prohibition against ex post facto laws, as it would expose defendant to a harsher punishment than the one imposed by the trial court.