775 So.2d 1086 (2000)
STATE of Louisiana
v.
Keltric LOCKETT.
No. 00-KA-859.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 2000.
Rehearing Denied January 24, 2001.
*1087 Honorable Harry J. Morel Jr., District Attorney, 29th Judicial District Court, Parish of St. Charles, Hahnville, Louisiana, Counsel for plaintiff-appellee.
Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, Louisiana, Counsel for defendant-appellant.
Court composed of Judges SOL GOTHARD, CLARENCE E. McMANUS, and H. CHARLES GAUDIN, J. Pro Tempore.
H. CHARLES GAUDIN, Judge Pro Tem.
Appellant Keltric Lockett was convicted by a jury in the 29th Judicial District Court of the April 10, 1998 attempted second degree murder of Damian August and *1088 sentenced to 18 years at hard labor without the benefit of parole, probation or suspension of sentence.
At the trial on May 25 and 26, 1999, it was uncontested that Lockett shot August at Stipe's Bar in Killona in St. Charles Parish. Lockett's position was that August was the aggressor and that he (Lockett), fearful for his life, fired his pistol in self-defense. The jury found otherwise. We affirm Lockett's conviction and sentence and remand to the district court only for correction of an error regarding the time Lockett has for requesting post-conviction relief.
On appeal, Lockett assigns these errors:
(1) the trial judge erred in instructing the jury, over defense objection, that the defendant bears the burden of establishing the defense of self-defense;
(2) the trial judge erred in giving the jury conflicting instructions on the elements of the crime which, along with the voir dire examination and the State's opening and closing arguments, misled the jury to such an extent that the verdict is suspect;
(3) trial counsel was ineffective in failing to object to the erroneous and misleading statements of law by the judge and the prosecutor which mislead the jury as to the elements of the crime and reduced the State's burden of proof;
(4) the evidence does not support an attempted murder verdict, a verdict precipitated by an erroneous jury charge; and
(5) Lockett was wrongfully advised of the correct time delay he has in seeking post-conviction relief.

ASSIGNMENTS 1, 2 AND 3
The prime issue in these assignments of error is whether the trial judge correctly advised the jury that the defendant rather than the State bore the burden of proof by a preponderance of the evidence that he had acted in self-defense. Lockett argues that such an instruction was contrary to Louisiana procedural law.
Although the Fourth Circuit has stated that this burden of proof is the State's, this Circuit in State v. Barnes, 491 So.2d 42 (La.App. 5 Cir.1986), held that this burden is the defendant's. See also State v. Anderson, 721 So.2d 1006 (La.App. 3 Cir. 1998), writs denied at 739 So.2d 781 (1999), which is supportive of this Circuit's holding in State v. Barnes, supra.
In his brief to this Court, Lockett specifies other trial judge errors regarding the charge; however, Lockett's trial counsel neither contemporaneously objected to these supposed mistakes nor to any statements made by the prosecuting attorney in opening or closing arguments. An ineffective counsel claim is more appropriately addressed in the trial court following an application for post-conviction relief, which necessitates a response by the state and a district court hearing.

ASSIGNMENT NO. 4
Here, Lockett contends that the evidence did not support an attempted murder verdict, a verdict precipitated by the erroneous jury charge. In any event, Lockett argues that even if his defense of self-defense was not available, the evidence supports only a verdict of aggravated battery, which requires only general criminal intent and not an intent to kill or inflict great bodily harm.
Much testimony at trial was contradictory. No doubt, however, that Lockett and August fought inside the barroom and that a second confrontation, at which August was shot, later occurred outside. Lockett said that outside the barroom, August struck him on the side of the head with a pistol and that he and August exchanged gunfire. August denied having any weapon. Several state witnesses stated that August did not have a pistol and it seems likely the jury found that August was in fact unarmed.
*1089 Lockett had a semi-automatic pistol. He fired several times in quick succession, hitting August in the tibia, forearm and buttocks.
Rose Lockett, Keltric's mother, was among the witnesses called. She said that when her son and August were arguing outside of the barroom, she told her son to go home and that she started pushing him toward his truck. The shooting then occurred. Rose testified that she did not see August with a gun but that she did not know what he had in his pockets.
A bystander, Nathan Howard, said that August was unarmed, as did several other witnesses including Vernell Stipe. After August had been shot, Stipe said, he (August) shouted for help and crawled backward toward bags of cans. Stipe testified that he told Lockett to stop shooting August.
Lockett, trying to support aggravated battery rather than second degree murder, points out that he broke off the chase abruptly when Stipe and others intervened and when it became apparent that August had been injured.
Lockett was found guilty of attempted second degree murder. The gravamen of the crime of attempted murder, whether it is first or second degree murder, is the specific intent to kill and the commission of an overt act tending toward the accomplishment of that goal.
In reviewing claims challenging the sufficiency of the evidence, an appellate court must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. A reviewing court may impinge on the fact finding function of the jury only to the extent necessary to assure the Jackson standard of review. It is not the function of an appellate court to assess credibility or reweigh the evidence.
There is enough state-provided testimony to convict Lockett of second degree murder. The jury obviously found prosecution witnesses credible and concluded that Lockett pointed a loaded pistol at August, fired more than once, perhaps as many as six times, and chased the wounded August with the likely intent of shooting him again.

ASSIGNMENT NO. 5
The trial judge informed Lockett of the three-year period for filing post-conviction relief in effect on the date of sentencing. Three days later the prescriptive period was shortened to two years. LSA-C.Cr.P. art. 930.8 was amended by 1999 La. Acts No. 1262 § 1, effective August 15, 1999, to provide for a two-year prescriptive period. Defense counsel requests this Court to direct the district court to correctly inform Lockett of the newly-shortened period. This Court has held that the two-year period has retroactive application. See State v. Boles, 750 So.2d 1059 (La.App. 5 Cir.1999).
Accordingly, we remand to the trial judge for him to without delay inform Lockett, by certified mail, of the two-year period for applying for post-conviction relief and to place in the record proof of the mailing and receipt by appellant. Lockett was sentenced on August 12, 1999.
CONVICTION AND SENTENCE AFFIRMED; REMANDED ONLY FOR APPELLANT TO BE NOTIFIED OF TWO-YEAR PERIOD FOR REQUESTING POST-CONVICTION RELIEF.