liPER CURIAM.
WRIT DENIED. Relator claims he was convicted March 6, 1998, and sentenced May 8, 1998. Relator further alleges he filed a motion to reconsider sentence; and this motion for appeal from the 19th Judicial District Court was filed within the five-day delay from his receipt of notice of that ruling.
Initially, we note that relator’s motion for appeal was improperly filed in this court. La.Code Crim.Proc: art. 914 states in pertinent part that “A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.” Although Article 914 does not specifically state the motion should be filed in the trial court, subsequent code articles provide the time limits by which the trial court shall grant or deny the motion, provide for the extension of the return date by the trial court, and provide that the trial court is divested of jurisdiction after an order of appeal is entered, except for various administrative functions. Filing a motion for appeal directly with this court does not begin the appeal process because this court has no appellate jurisdiction over the proceeding until the trial court enters the order of appeal.
Moreover, relator herein anticipates that the five-day delay for filing a motion for appeal began to run from the date he received notice of the trial court’s ruling *985 on a motion to reconsider sentence. Relator’s supposition is incorrect. As provided in La.Code Crim.Proc. art. 914, the delay began with the rendition of the trial court’s ruling on a motion to reconsider sentence or the imposition of sentence. In other words, the delay for filing a motion for appeal after the ruling on a motion to reconsider sentence does not begin when the defendant receives notice of the judgment; it begins to run when the trial court issues its ruling. See e.g., State v. Veazey, 337 So.2d 1163 (La.1976). If the time delays expire before a motion for appeal is properly filed, a defendant may be able to obtain reinstitution of the right to appeal through an application for post conviction relief, seeking an out-of-time appeal. See State v. Counterman, 475 So.2d 336 (La.1985). However, the application for post conviction relief also should be filed in the district court.
j2The specific errors noted here, filing the motion for appeal in the wrong court and improper calculation of the sentencing delays, illustrate the dangers of laymen attempting self-representation on appeal and why pro se appeals are not encouraged. See also State v. Warner, 594 So.2d 397 (La.App. 1st Cir.1991), writs denied, 596 So.2d 196, 600 So.2d 668 (La.1992). Any request for counsel for appeal purposes should be directed to the trial court.