817 So.2d 222 (2002)
STATE of Louisiana
v.
Glenn BROOKS.
No. 01-KA-1316.
Court of Appeal of Louisiana, Fifth Circuit.
April 10, 2002.
Harry J. Morel, Jr., District Attorney, Kim McElwee, Assistant District Attorney, Hahnville, LA, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
GOTHARD, Judge.
Defendant, Glenn Brooks, appeals from his conviction of one count of possession of a firearm by a convicted felon (LSA-R.S. 14:95.1), and sentence of 15 years at hard labor without benefit of parole, probation, or suspension of sentence.
We note that defendant's Motion for Appeal was untimely filed. The defendant was sentenced on July 17, 2001 and his Motion to Reconsider Sentence was denied on August 14, 2001. Defendant's trial counsel filed a written Motion for Appeal *223 on September 14, 2001. The motion was granted on September 18, 2001.
La.C.Cr.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
In State v. Counterman, 475 So.2d 336, 338 (La.1985), the Louisiana Supreme Court held that a defendant who fails to make a Motion for Appeal within the time provided in Article 914 loses the right to obtain an appeal by simply filing a Motion for Appeal. The Counterman court explained that, after the time for appealing has elapsed, the conviction and sentence become final and are no longer subject to review under ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. Id. The proper procedural vehicle for a defendant to seek the exercise of his right to appeal after the time for appeal has expired is an application for post conviction relief pursuant to La.C.Cr.P. arts. 924-930.
Defendant's written Motion for Appeal was filed more than five days after the trial court ruled on his Motion to Reconsider Sentence, and therefore is untimely. State v. Ginn, 98-1184 (La.App. 1 Cir. 6/19/98), 718 So.2d 984.
Because there is nothing in the record to show that defendant obtained a reinstatement of his appeal rights, we dismiss this appeal and remand the case to allow defendant the opportunity to seek reinstatement of his appeal rights by application for post conviction relief. State v. Bowen, 00-175 (La.App. 5 Cir. 7/25/00), 767 So.2d 806.
APPEAL DISMISSED; CASE REMANDED.