848 So.2d 141 (2003)
STATE of Louisiana
v.
Robert E. TAYLOR (Appealing as "Robert E. Taylor, Jr.").
No. 03-KA-127.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, *142 Kia M. Habisreitinger, Assistant District Attorneys, Parish of Jefferson State of Louisiana, Gretna, LA, For Plaintiff/Appellee.
S.G. Ritterbush, Jr., Harvey, LA, For Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
In this criminal matter, defendant Robert Taylor, appeals his conviction on a charge of possession of a firearm by a convicted felon and subsequent sentence of fifteen years without benefit of parole, probation or suspension of sentence. For reasons that follow, we dismiss the appeal as untimely, and remand the matter to the trial court.
Defendant was stopped for a traffic violation that resulted in the discovery that he was driving a stolen car in which a gun was found. He was charged with being a convicted felon in possession of a firearm and possession of stolen things by bill of information. At the time of trial, the State dismissed count two (possession of stolen things) and amended the bill of information as to count one to change the predicate offense from conviction for illegal use of a weapon to a conviction for possession of cocaine. The matter proceeded to trial on June 11, 1-2002 and defendant was found guilty as charged of being a felon in possession of a firearm in violation of La. R.S. 14:95. After his conviction, the trial court denied a defense motion to set bail pending sentence. Thereafter, defense counsel stated, "your Honor, I'd like at this time for the Court to state the delays I have for taking writs on my motions in court for mistrial and for bail." He was given twenty-one days, or until July 2, 2002. However, no writ application was filed in this Court for review of those decisions.
In the interim, on June 17, 2002, defendant filed a motion for new trial and a supplemental motion for new trial, both of which were denied that same day by the trial court. On June 20, 2002, defendant was sentenced to fifteen years without benefit of parole, probation or suspension of sentence. Immediately after being sentenced, defendant made an oral motion for reconsideration of sentence that was denied. Defendant filed a motion for appeal on July 2, 2002, twelve days after the denial of the motion to reconsider sentence.
La.C.Cr.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
When a defendant fails to move for an appeal within the time allotted by La. C.Cr.P. art. 914, the conviction and sentence become final and the defendant loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. State v. Counterman, 475 So.2d 336, 338 (La.1985). Once the time delays provided in Article 914 have expired, the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal is an application for post-conviction relief under La.C.Cr.P. art. 924 et seq. Id. at 339; State v. Brooks, 01-1316 (La.App. 5 Cir. 4/10/02), 817 So.2d 222, 223.
*143 In deciding this jurisdictional matter, we have considered the Supreme Court's directive in State ex rel. Egana v. State, 00-2351 (La.09/22/00), 771 So.2d 638 in which a similar case was remanded to us for consideration of the application of the mailbox rule and "to determine whether, if read fairly and in conformance with principles applicable in review of pro se pleadings, it (application for writs) constituted a motion for appeal." Subsequently, in State v. Armant, 02-907 (La.App. 5 Cir. 1/28/03), 839 So.2d 271, this Court maintained defendant's appeal even though the motion for appeal was untimely filed, when defense counsel gave oral notice at the sentencing hearing of her intention to file a writ application. However, we find the case before us now is easily distinguishable from both Egana and Armant. In the instant case, as in Armant, the defendant is not a pro se defendant, but is represented by counsel. However, unlike the defendant in Armant, the defendant herein gave notice of his intent to file a writ application on two specific claims, failure to grant a motion for mistrial and failure to set bail, and the motion was made prematurely in that it was made before sentencing. Of the two claims made in the oral motion only one, the failure to grant a mistrial, is appealable. Further, that issue is neither assigned as error nor argued on appeal so it is not subject to review by this Court. La.C.Cr.P. art. 920. Accordingly, under the circumstances of this case, we find that the appeal is untimely and that the oral motion for a writ application when "read fairly and in conformance with principles applicable" should not be construed as a motion for appeal.
Because defendant did not file his motion for appeal within the five-day time delay allowed by La.C.Cr.P. art. 914, we dismiss defendant's appeal as untimely. Further, the proper procedural vehicle for defendant to reinstate his appeal rights is by post conviction relief pursuant to La. C.Cr.P. articles 924, et seq., and we remand the matter to the trial court to afford defendant that opportunity. See. State v. Brooks, supra. Therefore, we dismiss the appeal and remand the matter to the trial court.
APPEAL DISMISSED, MATTER REMANDED.
ROTHSCHILD, J., CONCURS.
ROTHSCHILD, J., CONCURS.
I agree with the majority that the defendant's appeal is untimely, because the Motion for Appeal was not filed within five days of the ruling on his Motion to Reconsider Sentence, as required by LSA-C.Cr.P. art. 914. I further agree that the defendant can seek to reinstate his appeal rights through an application for post-conviction relief. However, in the interest of judicial economy, I would prefer to address the merits of the appeal at this time rather than delay the matter until the defendant files an application for post-conviction relief. See State v. Armant, 02-907 (La.App. 5 Cir. 1/28/03), 839 So.2d 271; and State ex rel. Egana v. State, 00-2351 (La.9/22/00), 771 So.2d 638.