861 So.2d 638 (2003)
STATE of Louisiana
v.
Bryan DAVIS.
No. 03-KA-488.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 2003.
*639 Jane Beebe, Louisiana Appellate Project, Gretna, LA, for Appellant, Bryan Davis.
Bryan Davis, In Proper Person, ALC Mercury Dorm D-1 Kinder, LA, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Twenty-Fourth Judicial District Court, Gretna, LA, for Appellee, State of Louisiana.
Panel composed of Judges EDWARD J. DUFRESNE, JR., MARION F. EDWARDS, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
On November 29, 2000, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Bryan Davis, with three counts of distribution of cocaine, in violation of La. R.S. 40:967(A). Defendant was arraigned on November 30, 2000 and pled not guilty.
On November 30, 2000, the State amended the first two counts of the bill of information to distribution of a counterfeit controlled dangerous substance as defined by La. R.S. 40:967(A), in violation of La. R.S. 40:971.1. Arraignment on the amended bill of information was scheduled for January 30, 2001.
On January 30, 2001, the defendant withdrew his prior plea and entered a guilty plea to the amended charges. On that day, defendant, his attorney, and the trial judge signed an Acknowledgement of Constitutional Rights and Waiver of Rights form, in which the defendant acknowledged that he was pleading guilty to two counts of distribution of "false representation of controlled dangerous substance" and one count of distribution of cocaine. The form also reflected that defendant was to be sentenced to five years at hard labor on each count of distribution of counterfeit controlled dangerous substances and twenty years at hard labor without benefit of parole, probation, or suspension of sentence for the first five years on the distribution of cocaine charge. Further, the sentences were to run concurrently *640 and defendant would receive credit for time served. Finally, the State agreed that, when it sought to enhance the defendant's sentence, the resulting punishment would not exceed "the sentence given today."
After the waiver of rights form was executed, the court conducted a hearing pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial judge advised defendant of the constitutional rights he was waiving by entering the guilty plea and, after questioning the defendant, determined that the plea was knowing and voluntary. The trial judge then accepted the defendant's guilty plea. That same day, the court then sentenced the defendant pursuant to the plea agreement to twenty years of imprisonment at hard labor without benefit of parole, probation or suspension of sentence for the first five years, but with credit for time served on for distribution of cocaine. On each of the distribution of a counterfeit controlled dangerous substance counts, defendant was sentenced to five years at hard labor. The defendant's sentences were ordered to be served concurrently.
After the defendant was sentenced on the original charges, the State filed a multiple offender bill of information pursuant to La. R.S. 15:529.1(A)(1)(a) alleging that defendant was a second felony offender. On that day, defendant, his attorney, and the trial judge signed an Acknowledgement of Constitutional Rights and Waiver of Rights in connection with a guilty plea to a Habitual Offender Bill of Information, in which the defendant acknowledged that he was a second felony offender. The form also reflected that defendant, as a second felony offender, was to be sentenced to twenty years at hard labor without benefit of probation, or suspension of sentence. Further, the sentence would run concurrently with all other sentences and defendant would not be billed as a third felony offender.
That same day, defendant admitted to being a second felony offender. After questioning the defendant and advising the defendant of his rights regarding his admission, the trial judge accepted the admission as being knowing and voluntary. Thereafter, the trial judge found defendant to be a second felony offender, vacated the defendant's original sentence on the distribution of cocaine charge, and imposed the enhanced sentence of twenty years at hard labor without benefit of probation or suspension of sentence.
After his sentencing on original and enhanced sentencing on January 30, 2001, defendant did not move for an appeal within the statutory time limits. Over the ensuing year, defendant filed three pro se writ applications with this Court.
On March 11, 2002, defendant filed a pro se writ application wherein he sought enforcement of a trial court order requiring production of his Boykin transcript. State v. Davis, 02-KH-240 (La.App. 5 Cir. 3/18/02) (unpublished writ disposition). This Court, on March 18, 2002, transferred the matter to the trial court for compliance with its order for production. Id.
On April 9, 2002, defendant filed a pro se writ application with this Court. State v. Davis, 02-KH-353 (La.App. 5 Cir. 4/11/02) (unpublished writ disposition). In that application, defendant complained that the trial court denied him post conviction relief when he sought an out-of-time appeal. This Court denied the writ and stated the following: "Relator stipulated to being a multiple offender and was sentenced as such on January 30, 2001. Based on his stipulation he waived his appeal rights. Accordingly, this writ application is denied."[1]
*641 On August 23, 2002, defendant filed a third pro se application for writs with this Court. State ex rel. Davis, 02-KH-877 (La.App. 5 Cir. 9/28/02) (unpublished writ disposition). The application for writs was denied by this Court because defendant had not first sought post conviction relief with the trial court. Id.
On January 27, 2003, defendant filed a pro se application for post conviction relief with the district court. In that application, defendant claimed his guilty plea to the underlying felony was not knowing and voluntary, his multiple offender sentence was illegal, and his counsel was ineffective for failing to seek an appeal. On February 7, 2003, the trial court denied relief on the first two issues, granted defendant an out-of-time appeal, and appointed Louisiana Appellate Project to represent the defendant on appeal.
On May 19, 2003, defendant's attorney filed a brief indicating that a thorough review of the record revealed no non-frivolous issues to raise on appeal and no rulings that would arguably support an appeal, in accord with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Defendant was advised of this filing and, on June 3, 2003, defendant filed a pro se brief with this Court alleging two assignments of error: his guilty plea to the underlying felony of distribution of cocaine was not knowing and voluntary because the trial judge failed to fully explain the privilege against self-incrimination and his multiple offender sentence is illegal because the trial judge failed to vacate the original sentence before imposing the enhanced sentence.
First, we note a jurisdictional matter. In this case, defendant did not move for appeal in open court or file a written motion for appeal within five days of his sentencing on January 30, 2001. Further, defendant did not file a motion to reconsider sentence pursuant to La.C.Cr.P. art. 881.1.
When a defendant fails to move for an appeal within the time allotted by La. C.Cr.P. art. 914, the defendant's conviction and sentence become final and the defendant loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. State v. Counterman, 475 So.2d 336, 338 (La.1985); State v. Taylor, 03-127, p. 3 (La.App. 5 Cir. 5/29 /03), 848 So.2d 141, 142. Once the time delays provided in La.C.Cr.P. art. 914 have expired, the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal is by an application for post conviction relief filed with the district court, pursuant to La. C.Cr.P. art. 924 et seq. State v. Counterman, 475 So.2d at 339.
On January 27, 2003, defendant filed an application for post conviction relief seeking an out-of-time appeal, which was granted. This Court now has jurisdiction over this appeal.[2] We note that this *642 appeal arises from a guilty plea, in which no factual predicate was presented. Thus, no further facts are available to this Court.
In this case, as noted earlier, defense counsel has filed a brief that follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh'g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), discussed in State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir.1990), and adopted in State v. Bradford, 95-929, 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108.[3]
After an independent review of the record and appellant's counseled brief, it appears that the appellant's counsel adequately reviewed the procedural history of the case and provided a detailed and reviewable assessment for both the defendant and the appellate court of the appeal's prospects, as required by the Louisiana Supreme Court in Jyles. Further, there do not appear to be any errors or issues which, if raised, would arguably support an appeal. State v. Haynes, 96-84, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1120, 1122.
In his pro se brief, defendant argues that his guilty plea was not knowing and voluntary because he was not properly advised of his privilege against self-incrimination. He contends that, if he had known that he did not have to "take the stand to testify," he would have gone to trial instead of pleading guilty.
In Boykin v. Alabama, supra, the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. Because a guilty plea waives these fundamental rights of the accused, due process requires that the plea be a voluntary and intelligent waiver of *643 known rights in order to be valid. State v. Galliano, 396 So.2d 1288, 1290 (La.1981); State v. Vu, 02-1243, p. 9 (La.App. 5 Cir. 4/9/03), 846 So.2d 67, 72.
The trial court must make an independent determination of whether the defendant's plea is made knowingly and intelligently through a colloquy wherein the defendant is questioned about his decision and the constitutional rights he is waiving. State v. Montalban, 00-2739, p. 4 (La.2/26/02), 810 So.2d 1106, 1109, cert. denied, 537 U.S. 887, 123 S.Ct. 132, 154 L.Ed.2d 148 (2002). Thus, the record of the plea must show that the defendant was informed of these three fundamental rights and knowingly and voluntarily waived the same. State v. Gardette, 00-38, p. 5 (La.App. 5 Cir. 5/17/00), 760 So.2d 1262, 1264.
A court may not set aside a guilty plea after sentence is imposed unless the plea is constitutionally deficient. State v. Smith, 406 So.2d 1314, 1315 (La. 1981); State v. Bell, 00-1084, p. 8 (La.App. 5 Cir. 2/21/01), 781 So.2d 843, 847. Plea agreements must be construed in light of the rights and obligations created by the Constitution. State v. Givens, 99-3518, p. 31 (La.1/17/01), 776 So.2d 443, 455.
During the defendant's guilty plea hearing, prior to the acceptance of the plea, the trial judge specifically asked the defendant if "your attorney had ... advised you of your rights to trial by jury or by the Court alone, to confront your accusers and of your rights against self-incrimination...." (Emphasis added). The defendant indicated that his attorney had advised him of these rights and, further, that he understood those rights.
In this case, the defendant's attorney and the trial judge both explained defendant's privilege against self-incrimination. Further, defendant, his attorney and the trial judge executed a waiver of rights from that also explained the privilege against self-incrimination. Defendant's claim that he was not adequately advised of the right to remain silent is unsupported by the record. Therefore, we conclude that this assignment of error lacks merit.
In his second pro se assignment of error, defendant argues that he was denied due process and his sentence is illegal because the trial judge did not vacate the original sentence for distribution of cocaine before imposing the enhanced, habitual-offender sentence. Defendant also contends that the trial judge failed to "give reasons for the determination."
La. R.S. 15:529.1(D)(3) discusses the requirements for sentencing of a multiple offender, and provides in pertinent part, as follows:
When the judge finds that [defendant] has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed.... The court shall provide written reasons for its determination....
(Emphasis added).
We have reviewed the official transcript of defendant's January 30, 2001 sentencing in the record on appeal. Our review reveals that the trial judge, after advising the defendant of his rights and ascertaining his understanding of those rights, vacated defendant's sentence for distribution of cocaine before imposing the agreed-upon enhanced sentence. The record also contains a corrected minute entry, which *644 reflects that the trial judge vacated the sentence on count three (distribution of cocaine) for the specific case number of the underlying felony conviction. Defendant's claim that his underlying sentence was not vacated is unfounded.
Additionally, the trial judge stated the factual basis for the sentence that was imposed on the record at the sentencing hearing. We find that defendant has failed to demonstrate a denial of due process. Therefore, this pro se assignment of error lacks merit.
Finally, according to La.C.Cr.P. art. 920, we have reviewed the record for errors patent and found none that require remand.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] According to the record, defendant did not seek review of the denial of his writ application.
[2] In a writ disposition in this same case (State v. Davis, 02-KH-353 (La.App. 5 Cir. 4/11/02)), defendant sought an out-of-time appeal and this Court denied the defendant's application, noting that when defendant stipulated to being a multiple offender, defendant waived his right to appeal. An unqualified guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the entry of the guilty plea and precludes review of such defects either by appeal or post conviction relief, State v. Cox, 02-0333, p. 7 (La.App. 5 Cir. 9/30/02), 829 So.2d 521, 523. In this case, no objection or reservation of defects was made by defendant either at the time of the guilty plea proceedings or during the multiple offender adjudication and sentence. Thus, the rationale in denying defendant's second writ application.

Under the "law of the case" doctrine, an appellate court will generally not reconsider prior rulings made in the same case on subsequent appeal. State v. Guccione, 96-1049, p. 7 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060, 1066, writ denied 97-2151 (La.3/13/98), 712 So.2d 869. Judicial efficiency demands that this Court accord great deference to its prior rulings. State v. Thibodeaux, 97-1636, pp. 9-10 (La.App. 3 Cir.1998), 728 So.2d 416, 422, writ denied, 98-3131 (La.5/7/99), 741 So.2d 27, cert. denied, 528 U.S. 936, 120 S.Ct. 341, 145 L.Ed.2d 266 (1999).
Importantly, however, the appellate court's denial of supervisory writs does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue. Reconsideration is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. State v. Thibodeaux, 728 So.2d at 422. See also, State v. Humphrey, 412 So.2d 507, 523 (La.1982).
Furthermore, appeals are favored in the law. State v. Gilliam, XX-XXX-XXX, p. 4 (La. App. 5 Cir. 1/15/02), 807 So.2d 1024, 1026, writ denied, 02-512 (La.11/1/02), 828 So.2d 562. Pro se filings are generally held to less stringent standards. See, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Additionally, the Louisiana Supreme Court has disapproved the refusal to review the merits of pro se claims on the basis of hyper-technical interpretation of court rules, the panel may choose to reach the merits of the claims. See, State ex rel. Johnson v. Maggio, 440 So.2d 1336, 1337 (La. 1983). Finally, we note that, procedurally, when the trial judge granted an out-of-time appeal, defendant's full appeal rights were restored, rendering rulings on defendant's other post conviction relief issues premature.
[3] The Bradford procedure has been quoted in Central Staff memoranda in the past, and it is not repeated here. Rather, the procedure is attached as an appendix to this memorandum for the panel's convenience.