MARION F. EDWARDS, Judge.
Defendant, Albert Mickel, appeals his conviction for being a felon in possession of a firearm. For the following reasons, we dismiss defendant’s appeal as untimely.
On May 26, 1998, defendant, Albert Mickel, was charged by bill of information with one count of being a felon in possession of a firearm, in violation of LSA-R.S. 14:95.[1] h Trial began on March 30, 1999 and concluded on March 31, 1999, with the jury finding Mickel guilty as charged.
On April 14, 1999, the trial judge sentenced Mickel to fifteen years imprisonment at hard labor without benefit of parole, probation or suspension for the term of imprisonment and he suspended five years of the sentence and placed Mickel on active probation for the term of the suspension.[2]
On November 27, 2000, Mickel filed a first pro se motion for re-sentencing, which was denied by the trial court on November 30, 2000. On March 19, 2001, Mickel filed a second pro se motion for re-sentencing which was denied by the trial court on April 2, 2001. On February 13, 2003, Mickel filed a pro se application for post-conviction relief wherein he sought an out-of-time appeal. The trial judge issued an order granting Mickel’s motion for out-of-time appeal.

J¡LAW AND ANALYSIS

Mickel was sentenced on April 14, 1999, and did not file a motion to reconsider sentence within the time prescribed by LSA-C.Cr.P. art. 881.1. Mickel further did not lodge a timely motion for appeal within five days of sentence, pursuant to LSA-C.Cr.P. art. 914. When a defendant fails to move for an appeal within the time allotted by LSA-C.Cr.P. art. 914, the conviction and sentence become final, and the defendant loses the right to obtain an appeal by simply filing a motion for appeal in the trial court.[3] Once the time delays provided in Article 914 have expired, the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal is an application for post-conviction relief under LSA-C.Cr.P. art. 924 et seq.[4]
*663 In this case, Mickel filed an application for post-conviction relief on February 13, 2003, and was granted an out-of-time appeal. Based upon our review of the record, however, we find the appeal to be untimely.
At the time of this offense, the prescriptive period for filing applications for post-conviction relief was set forth in LSA-C.Cr.P. art. 930.8, which provided in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under Article 914 or 922....
A grace period was provided in Subsection E until October 1, 1991, for applications that would already be barred by the provisions of this article.
Effective August 15, 1999, the article was amended to shorten the period to two years.[5] The amendment also provided for a grace period for | ^filing, which was until October 1, 2001. This Court, in State v. Boles,[6] noted that the amendment to LSA-C.Cr.P. art. 930.8 should be applied retroactively, and that the application of the amended prescriptive period in a defendant’s case would not violate ex post facto prohibitions, as the article itself does not relate to an offense or its punishment.[7]
Mickel’s sentence was April 14, 1999 and his application for post-conviction relief which sought the out-of-time appeal was filed February 13, 2003. This is beyond the two-year amended prescriptive period and also beyond the statutory grace period, which was October 1, 2001. Accordingly, we dismiss Mickel’s appeal as untimely.

APPEAL DISMISSED.

. The prior felony convictions occurring in the 24th Judicial District Court were as follows: Possession of Cocaine (LSA-R.S. 40:967(0) in Doc. No. 90-3236, Div. F and Illegal Use of Weapon (LSA-R.S. 14:94) in Doc. No. 90-2930, Div. E. (R., p. 14).

. The sentence impose is illegally lenient because of the suspension of five years and because of the failure to impose the mandatory fine of not less than $1,000 nor more than $5,000. LSA-R.S. 14:95.1(B). This will be discussed as errors patent.

. State v. Counterman, 475 So.2d 336, 338 (La.1985); State v. Taylor, 03-127, p. 3 (La.App. 5 Cir. 5/28/03), 848 So.2d 141, 142.

. Also see, State v. Counterman, 475 So.2d at 339; State v. Taylor, 848 So.2d at 142, citing State v. Brooks, 01-1316 (La.App. 5 Cir. 4/10/02), 817 So.2d 222, 223

. See, 1999 La. Acts 1262.

. 99-662, p. 3 (La.App. 5 Cir. 11/10/99), 750 So.2d 1059, 1062.

. State v. Boles, 750 So.2d at 1062. See also, State v. Cazenave, 00-183, p. 13 (La.App. 5 Cir. 10/31/00), 772 So.2d 854, 864, writ dismissed, 00-3386 (La.2/16/01), 785 So.2d 835, writ denied, 00-3297 (La.10/26/01), 799 So.2d 1151.