921 So.2d 1033 (2006)
STATE of Louisiana
v.
Bernard WILLIAMS, Jr.
No. 05-KA-318.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
*1034 Paul D. Connick, District Attorney, Terry M. Boudreaux, Juliet Clark, Thomas Block, David Wolff, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, State of Louisiana, Gretna, Louisiana, for Plaintiff/Appellee.
*1035 Holli Herrle-Castillo, Attorney at Law, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and JAMES C. GULOTTA, Pro Tempore.
MARION F. EDWARDS, Judge.
Defendant, Bernard Williams, Jr., was tried and found guilty by a unanimous twelve-person jury of the aggravated rape of a juvenile under the age of twelve in violation of LSA-R.S. 14:42. After waiving all sentencing delays, he was immediately sentenced to mandatory life imprisonment without the benefit of parole, probation, or suspension of sentence.
On appeal, Williams urges that the trial court erred in admitting other crimes evidence, specifically that regarding the forcible rape of another person, C.K.
Prior to trial, the State filed a notice of intent to use evidence of other bad acts, namely the forcible rape of C.K. committed on November 5, 1999 and the sexual abuse of M.W. In its notice, the State asserted the evidence was admissible under LSA-C.E. art. 404(B) to show knowledge, system, pattern and/or intent and was an integral part of the investigation so as to constitute res gestae. The State also asserted the evidence was admissible under LSA-C.E. art. 412.2 because its probative value outweighed any unfair prejudice. After a hearing, the trial court ruled that evidence of both the forcible rape of C.K. and sexual abuse of M.W. was admissible, ruling that the evidence tended to prove motive, system, pattern and/or intent, plan, absence of mistake or accident on the part of defendant, that the evidence was an integral part of the investigation into the rape of J.W., and that the probative value of the evidence outweighed any unfair prejudice so as to make it admissible under LSA-C.E. art. 412.2.
Williams filed a writ with this Court seeking review of the trial court's ruling. The writ was granted in part and denied in part.[1] Specifically, this Court ruled that evidence of the forcible rape of C.K. was not admissible but that evidence of the sexual abuse of M.W. was admissible. The Louisiana Supreme Court reversed, vacating this Court's writ disposition and reinstating the trial court's ruling allowing evidence of both the forcible rape of C.K. and the sexual abuse of M.W.[2] Williams later filed a motion for new trial on the other crimes evidence ruling at the trial court level, which motion was denied.
Under the discretionary principle of "law of the case," an appellate court will generally not reconsider prior rulings made in the same case on subsequent appeal.[3] However, the appellate court's denial of supervisory writs does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue. Reconsideration is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results.[4] In the present appeal, Williams has produced no new arguments or evidence to show that the prior disposition of the Louisiana Supreme Court was patently erroneous. In light of the subsequent trial record, we decline to revisit the issue.
*1036 Nonetheless, we note that any error in the admission of other crimes evidence is subject to a harmless error analysis.[5] An error is harmless when the verdict is "surely unattributable to the error." State v. Johnson.[6] In this respect, we note that, on the appeal and review of the entire record, regardless of the disputed testimony, there was sufficient evidence to convict Williams of the charges brought.
J.W., who was fifteen years old at the time of trial, testified that she was first sexually abused by her father when she was five years old, when he rubbed her "private parts" with his penis. She stated that, by the time she was nine or ten, Williams started putting his penis halfway into her front and back private parts, explaining that her father would use Vaseline on his penis before penetrating her. She testified this occurred "a lot," and that she would tell him that it hurt. The incidents happened in various rooms in the house. In one instance, her babysitter, M.W., was sucking on Williams' "private part," and then he told both of them to take their clothes off. He put his mouth on their private parts, and inserted his penis into them both. This occurred more than once on the same evening.
J.W. had never told anyone, other than the police officer investigating the forcible rape case, what had happened because she was scared of her father who would "whoop" her with a belt.
M.W., an admitted prostitute, confirmed the above incident in sordid detail. She testified she was supposed to be J.W.'s babysitter but explained she and Williams starting having sex when she was sixteen years old, and it occurred nine times. She denied having sex with Williams after the incident involving J.W. She did not tell the police about the incident, because "I didn't know how she felt about her daddy, being that I didn't have one of my own."
J.W. first reported the sexual abuse on November 8, 1999 to Detective Michael Cunningham with the Kenner Police Department, when he questioned her in connection with the unrelated forcible rape investigation involving C.K. Detective Cunningham notified Child Protection Services and brought J.W. to the detective bureau where she gave a statement. Williams was subsequently charged with the aggravated rape of J.W. The history of rape by her father that J.W. gave to the examining physician was consistent with her trial testimony, and her medical examination was consistent with that history.
The credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness; therefore, the credibility of witnesses will not be reweighed on appeal.[7] Although Williams denied the allegations, the testimony of J.W. was very detailed, as was that of the corroborating witness, M.W. The persuasiveness of this testimony against Williams convinces us that the verdict was not attributable to the evidence admitted on the rape of C.K. The assignment of error is without merit.
Our error patent review discloses that Williams was not notified of the two-year prescriptive period for filing an application for post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8. Accordingly, the trial court is instructed to inform Williams of the two-year prescriptive period by sending written notice to him within ten days after the rendition of *1037 this opinion, and to file written proof in the record that said notice was received.[8]
For the foregoing reasons, the conviction and sentence are affirmed, and the matter remanded for the trial court to inform Williams of the applicable prescriptive period.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Writ number 03-K-577, dated May 29, 2003.
[2] Writ number 03-KK-1819, 852 So.2d 1018, dated September 5, 2003.
[3] State v. Jacobs, 04-1219 (La.App. 5 Cir. 5/31/05), 904 So.2d 82.
[4] Id.; State v. Davis, 03-488 (La.App. 5 Cir. 11/12/03), 861 So.2d 638, 642, writ denied, 03-3401 (La.4/2/04), 869 So.2d 874.
[5] State v. Johnson, 94-1379 (La. 11/27/95), 664 So.2d 94, 102; State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 980.
[6] 664 So.2d at 102.
[7] State v. Turner, 05-60 (La.App. 5 Cir. 5/31/05), 904 So.2d 825.
[8] State v. Pittman, 04-705 (La.App. 5 Cir. 12/28/04), 892 So.2d 641, 645-646, writ denied, 05-228 (La.5/6/05), 901 So.2d 1094.