CHAISSON, J.
*205 Defendant, Ronji Jenkins, Jr., appeals his conviction and sentence for obscenity. The sole issue raised on appeal is whether the trial court abused its discretion in allowing the admission of other crimes evidence at trial. While we agree with defendant's argument that the evidence was improperly admitted, we find that its admission was harmless and does not require reversal of defendant's conviction. Accordingly, for the reasons that follow, we affirm defendant's conviction and sentence and remand the matter for the correction of the uniform commitment order as noted herein.
PROCEDURAL HISTORY
On November 28, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant with obscenity, in violation of La. R.S. 14:106. Defendant pled not guilty at his arraignment, and the matter subsequently proceeded to trial before a six-person jury on January 3, 2018. After considering the evidence presented, the jury found defendant guilty as charged. On March 5, 2018, the trial court denied defendant's motion for new trial, and after a waiver of delays, sentenced defendant to three years imprisonment at hard labor.
Thereafter, on March 8, 2018, the court conducted a hearing on the multiple offender bill of information previously filed by the State. At the conclusion of the hearing, the trial court found defendant to be a third felony offender, vacated defendant's original sentence, and sentenced him, pursuant to La. R.S. 15:529.1, to six years imprisonment in the custody of the Department of Corrections without benefit of probation or suspension of sentence. Defendant now appeals.[1]
FACTS
In the present case, the bill of information alleged that defendant committed obscenity by exposing his genitals in the Jefferson Parish Correctional Center. Two different versions of this incident were presented at trial.
According to Yashonda Lee, a correctional officer at the Jefferson Parish Correctional Center, she saw defendant masturbating on October 27, 2016, which was her first day on the job. Officer Lee explained that on the morning of the incident, she was inside the guard booth and was able to see defendant's cell from her location. As she was visually surveying the pod area, she felt someone staring at her. Officer Lee looked up and observed defendant standing between his toilet and the end of his bunk "stroking his fully eject [sic] penis in an up and down motion and looking, like literally staring me down." Officer Lee gestured towards defendant to stop; however, defendant continued masturbating while looking at her.[2]
During her testimony, Officer Lee confirmed that defendant was not attempting *206 to hide his genitals from view in any way, that it was no accident that she was able to see him masturbate, and that she found defendant's actions offensive. Officer Lee explained that she reported the occurrence to the officer in charge of her training, who called the incident in but did not turn around to see what defendant was doing. By the time the officers responded to defendant's cell, he had pulled up his jumpsuit and was in his bed as if nothing had happened.
In contrast to the testimony of Officer Lee, defendant denied masturbating in front of her. Rather, defendant explained that he woke up with a semi-erect penis and proceeded to the toilet to urinate. Defendant acknowledged that he and Officer Lee could see each other while he was standing at the toilet but insisted he was not watching her and did not make eye contact. After he was finished urinating, he had "to shake [his penis] before" he "put it up." He then returned to his bunk and laid down at which point an officer came and removed him from his cell.
ADMISSION OF OTHER CRIMES EVIDENCE
In his sole assignment of error, defendant challenges the trial court's admission of other crimes evidence at trial. He specifically contends that the trial court erred in allowing the State to introduce evidence regarding his 2008 conviction for battery of a correctional facility employee because it was unduly prejudicial and probative of nothing at issue in defendant's trial on the obscenity charge.
Prior to trial, the State filed a notice pursuant to La. C.E. art. 404(B) of its intent to introduce at trial evidence that on December 8, 2007, defendant "participated in a physical attack upon a correctional officer during which the officer was beaten and spit upon by this defendant and a second perpetrator," and that as a result of his participation in this incident, defendant was convicted of battery of a correctional facility employee.[3] In its notice, the State alleged that this prior incident illustrated defendant's lack of respect and active disdain for correctional officers. The State then asserted that this evidence was being offered to establish defendant's intent, absence of mistake or accident, and guilty knowledge in this case which involved defendant behaving in a patently offensive manner to a female correctional officer.
At the subsequent hearing on the State's notice, the State argued that the evidence was being offered to show defendant's intent to act in an offensive manner in front of the guard in the instant case and his lack of respect for the authority of those who work in the jail. In response, defense counsel argued the instant offense and the battery incident, which had occurred ten years prior at a time when defendant was seventeen years old, were factually unrelated and did not show an intent to commit the crime of obscenity in this case. Defense counsel further argued that the prejudicial effect of the evidence outweighed any probative value. Following the arguments of counsel, the trial court granted the State's motion "[b]ased upon the argument of counsel, the Court's reading of 404(B) and the case law." Pursuant to this ruling, the State presented evidence of defendant's 2008 battery of a correctional facility employee conviction at trial.
In his sole assignment of error, defendant argues that the nearly decade old *207 conviction obtained when he was seventeen years old had nothing in common with the instant charge and that its admission was extremely prejudicial and not probative. He asserts that the evidence of the battery conviction was admitted for the improper purpose of portraying him in the worst possible light and to show that he is of bad character and acted in conformity therewith on the obscenity charge. Defendant concludes that the erroneous admission of the prior conviction was not harmless as it is impossible to find the guilty verdict was surely unattributable to the admission of the battery conviction, and therefore, his conviction for obscenity should be reversed.
Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. La. C.E. art. 404(B)(1) ; State v. Prieur , 277 So.2d 126, 128 (La. 1973). However, when evidence of other crimes tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to this rule. State v. Garcie , 17-609 (La. App. 5 Cir. 4/11/18), 242 So.3d 1279, 1284. Evidence of other crimes is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding to such an extent that the State could not accurately present its case without reference to the prior bad acts. La. C.E. art. 404(B)(1) ; State v. Lawson , 08-123 (La. App. 5 Cir. 11/12/08), 1 So.3d 516, 525.
In order for other crimes evidence to be admitted under La. C.E. art. 404(B)(1), one of the factors enumerated in the article must be at issue, have some independent relevance, or be an element of the crime charged. State v. Garcie , 242 So.3d at 1284. Moreover, the probative value of the extraneous evidence must outweigh the prejudicial effect. La. C.E. art. 403. The defendant bears the burden to show that he was prejudiced by the admission of the other crimes evidence. Absent an abuse of discretion, a trial court's ruling on the admissibility of evidence pursuant to La C.E. art 404(B)(1) will not be disturbed. State v. Maize , 16-575 (La. App. 5 Cir. 6/15/17), 223 So.3d 633, 649, writ denied , 17-1265 (La. 4/27/18), 241 So.3d 306.
In the present case, defendant was convicted of obscenity. That offense is defined, in pertinent part, as the intentional exposure of the genitals in any prison or jail, with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive. See La. R.S. 14:106(A)(1). Based on the elements that the State had to prove in the instant case, we find that the trial court abused its discretion in allowing the admission of evidence relating to defendant's 2008 battery of a correctional facility employee conviction at trial. This prior crime, which involved spitting on a correctional officer, occurred approximately nine years prior to the instant offense, was not of a sexual nature, was factually unrelated, and was not relevant to defendant's intent to commit obscenity.
However, although the trial court abused its discretion in admitting this evidence, the erroneous admission of other crimes evidence is subject to a harmless error analysis. An error is harmless when the verdict is surely unattributable to the error. State v. Williams , 05-318 (La. App. 5 Cir. 1/17/06), 921 So.2d 1033, 1036, writ denied , 06-0973 (La. 11/3/06), 940 So.2d 654. In this case, the jury's verdict was surely unattributable to the *208 alleged error insofar as the State presented sufficient evidence of guilt at trial without consideration of the other crimes evidence.
In the instant case, Officer Lee testified that on October 27, 2016, while employed as a correctional officer at the Jefferson Parish Correctional Center, she observed defendant, an inmate at the jail, intentionally masturbating in front of her. Specifically, Officer Lee testified that as she was visually surveying the pod area, she felt that someone was staring at her. When she turned towards defendant's cell, she had an unobstructed view of defendant staring at her "stroking his fully eject [sic] penis in an up and down motion." According to Officer Lee, defendant maintained eye contact the entire time while continuing to masturbate, and despite having been instructed by her to stop. She further testified that she found defendant's actions to be offensive.
Additionally, while defendant testified that he was not masturbating but merely urinating when Officer Lee observed him, it is clear the jury chose to believe Officer Lee's version of the events. The testimony of the victim alone is sufficient to prove the elements of the offense. State v. Brown , 04-1113 (La. App. 5 Cir. 3/29/05), 901 So.2d 492, 497. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. State v. Higgins , 03-1980 (La. 4/1/05), 898 So.2d 1219, 1226, cert. denied , 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005).
Accordingly, based on the foregoing, we find that the trial court's improper admission of the other crimes evidence was harmless and does not require reversal of defendant's conviction.[4]
ERRORS PATENT REVIEW
We have also reviewed the record for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). Our review of the record reveals incorrect dates in the March 8, 2018 uniform commitment order that require correction.
Specifically, the "disposition date," multiple offender sentence date, and date the original sentence was vacated as set forth in the uniform commitment order related to the multiple bill are incorrect. The multiple bill uniform commitment order reflects a "disposition" date of March 5, 2018; however, defendant was found guilty of obscenity on January 3, 2018, and adjudicated a third felony offender on March 8, 2018. Additionally, the multiple bill uniform commitment order indicates that defendant's original sentence was vacated and his enhanced multiple offender sentence imposed on March 5, 2018; however, defendant's original sentence was vacated, and he was re-sentenced as a multiple offender on March 8, 2018. In accordance with established procedure, we remand this case to the district court with instructions to correct the multiple bill uniform commitment order to reflect the proper dates. We further order the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected uniform commitment order to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department. See *209 State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
Accordingly, for the reasons set forth herein, defendant's conviction and enhanced sentence for obscenity are affirmed. The matter is remanded for correction of the March 8, 2018 uniform commitment order.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER

On May 25, 2018, the trial court granted defendant's motion for an out-of-time appeal.

At the time of the incident, defendant was wearing a prison jumpsuit, which was pulled down below his waist. Officer Lee acknowledged that the jumpsuit had to be pulled down in order for inmates to use the toilet.

The minute entry attached as an exhibit to the State's "Article 404(B) Notice" reflects that on March 31, 2008, defendant pled guilty to battery of a correctional facility employee, in violation of La. R.S. 14:34.5.

The record also reflects that the trial court gave a limiting instruction to the jury regarding the limited purpose it was to consider the other crimes evidence at the time it read the jury instructions.