CHRISTINA LAMBERT

VERSUS

CHRISTOPHER STINSON, WARDEN,
LOUISIANA TRANSITIONAL CENTER FOR
WOMEN

NO. 23-KH-608

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-1900, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

January 26, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT GRANTED; RULING GRANTING OUT-OF-TIME APPEAL**
**REVERSED; RULING DENYING APCR WITHOUT PREJUDICE**
**VACATED; REMANDED WITH INSTRUCTIONS**
    **JGG**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
CHRISTINA LAMBERT
    Stanislav L. Moroz

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
    Thomas J. Butler

,
CHRISTOPHER STINSON, WARDEN, LOUISIANA TRANSITIONAL
CENTER FOR WOMEN
    Christopher Stinson

**GRAVOIS, J.**

Relator, Christina Lambert, seeks this Court's supervisory review of the trial court's November 30, 2023 ruling which denied in part and granted in part her application for post-conviction relief ("APCR"). For the following reasons, we: (1) grant relator's writ application; (2) reverse the portion of the trial court's ruling which granted relator an out-of-time appeal of her convictions and sentences; (3) vacate the portion of the trial court's ruling which dismissed without prejudice relator's APCR seeking review of the ruling revoking her probation; and (4) remand the matter to the district court for consideration of the merits of relator's APCR challenging her probation revocation.

<b><u>FACTS AND PROCEDURAL BACKGROUND</u></b>

On May 20, 2019, relator pled guilty to one count of possession with the intent to distribute heroin, in violation of La. R.S. 40:966(A); one count of possession with the intent to distribute cocaine, in violation La. R.S. 40:967(A); and three counts of distribution of cocaine, in violation of La. R.S. 40:967(A). On that same day, the trial court sentenced relator to twenty years imprisonment at hard labor on the possession with the intent to distribute heroin count, and ten years imprisonment at hard labor on each of the remaining counts, with all of the sentences to run concurrently. The trial court then "suspend[ed] imposition of all those sentences" and placed relator on thirty-six months of active probation. She did not appeal.

On April 26, 2022, a motion and an order for a hearing to revoke relator's probation was filed with the district court. On July 21, 2022, the district court granted relator's request for a continuance "to give the Defendant more time to complete the conditions of probation." However, on October 5, 2022, relator's probation officer filed a subsequent motion and an order for a hearing to revoke probation after relator failed multiple drug tests. Following a revocation hearing

on October 20, 2022, the district court revoked relator's probation and sentenced relator to the original sentences.

Relator, through counsel, filed an APCR with the district court on November 13, 2023. In it, relator challenged her probation revocation. Additionally, relator requested an out-of-time appeal of her sentence. On November 30, 2023, the district court granted relator's request for an out-of-time appeal, stating:

> Under the provisions of La C.Cr.P. art. 930.8(A) an out-of-time appeal may be sought within two years after the finality of the conviction and sentence. The petitioner has lost the right to appeal by simply giving notice. In such cases, the proper procedure, now completed, for obtaining an out-of-time appeal is to file an application for post-conviction relief, specifically requesting an out-of-time appeal. *State v. Counterman*, 475 So.2d 336 (La 1985). The petitioner is within the time to file such a request, which will be granted.

In doing so, the district court ordered the Clerk of Court to prepare and transmit relator's record for appeal to this Court. The district court also set a return date for "75 days from the date of this order." Finally, the district court ordered relator's APCR "DISMISSED WITHOUT PREJUDICE."

On December 14, 2023, relator filed a notice of intent with the district court, with a sole assignment challenging the district court's dismissal of her APCR without prejudice. On that same date, relator also filed a pleading, captioned as "Motion to Address Merits of Post-Conviction Application Challenging Probation Revocation While Appeal of Sentence is Pending," with the district court. On December 29, 2023, the district court set a return date for January 3, 2024, as requested by relator. With respect to relator's "Motion to Address Merits of Post-Conviction Application Challenging Probation Revocation While Appeal of Sentence is Pending," on December 29, 2023, the district court issued the following order: "The defendant seeks post-conviction review while the case is on appeal. Under the procedural posture of this case and upon the showing made, the court will deny this motion."

## ANALYSIS

### *Grant of out-of-time appeal*

First, we find that the trial court erred in granting relator's APCR in part when it granted relator's request for an out-of-time appeal. Upon review, for the following reasons, we find that relator's request in her APCR for an out-of-time appeal was untimely.

The appropriate procedural remedy for a defendant seeking to exercise her right to appeal after her conviction and sentence become final is a timely-filed APCR seeking an out-of-time appeal. *State v. Gray*, 04-1272 (La. App. 5 Cir. 4/26/05), 902 So.2d 1060, 1061. La. C.Cr.P. art. 930.8 provides that APCRs, including requests for out-of-time appeals, must be filed within two years from the date that a defendant's conviction and sentence become final, unless certain specific exceptions apply.

The imposition of a sentence has the effect of finality on a proceeding as evident from the long-standing jurisprudence that a conviction cannot be appealed as a final judgment until a sentence has been imposed. *State v. Chapman*, 471 So.2d 716 (La. 1985). La. C.Cr.P. art. 871(A) defines a "sentence" as "the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt." La. C.Cr.P. art. 893(A)(3) expressly provides that a suspended sentence "shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal." Accordingly, relator's sentences became final two years after her appeal delays expired on or about thirty days from May 20, 2019, the date of her guilty pleas and sentencing.

This Court has recognized that the trial court does not have the authority to grant an untimely application for an out-of-time appeal absent showing an exception to the time limitation as provided for by La. C.Cr.P. art. 930.8. *See State v. Russell*, 14-841 (La. App. 5 Cir. 1/28/15), 167 So.3d 917, 919, *writ denied sub*

*nom. State ex rel. Russell v. State*, 15-472 (La. 12/7/15), 180 So.3d 1279, where the defendant filed a motion for an out-of-time appeal, approximately twenty-five months after his conviction and sentence became final, which the trial court, construing the motion as an APCR, granted. This Court dismissed the defendant's appeal, finding that the trial court lacked jurisdiction to grant the defendant's motion for an out-of-time appeal, as it was untimely filed and because the defendant did not allege any of the exceptions provided under La. C.Cr.P. art. 930.8. *See also State v. Theard*, 04-1212 (La. 6/17/05), 904 So.2d 681, where the Supreme Court held that the "courts below" erred by considering the merits of the defendant's *State v. Crosby*, 338 So.2d 584 (La. 1976), reservation in an out-of-time appeal granted years after the finality of the defendant's conviction and sentence; *State v. Mickel*, 03-795 (La. App. 5 Cir. 12/9/03), 864 So.2d 661, *writ denied sub nom. State ex rel. Mickel v. State*, 04-2515 (La. 6/17/05), 904 So.2d 692, where this Court dismissed the defendant's appeal as untimely because the defendant's APCR seeking an out-of-time appeal was untimely filed.

In the instant case, although relator's case appears in a different procedural posture as the cases cited above, relator was not within her time limitation to seek an out-of-time appeal of her convictions and sentences, as it was not timely filed within two years after her appeal delays expired on or about thirty days from May 20, 2019, the date of her guilty pleas and sentencing. Nor do any of the exceptions set out in La. C.Cr.P. art. 930.8(A)(1), (2), (3), or (4) apply, because relator's November 13, 2023 request for an out-of-time appeal did not rest on newly-discovered evidence, or an unknown interpretation of constitutional law, her application was filed after October 1, 2001, and she was not sentenced to death.

As such, we find that the district court lacked jurisdiction to grant relator's untimely request in her APCR seeking an out-of-time appeal of her convictions and sentences absent the showing of an exception to the time limitation provided in

La. C.Cr.P. art. 930.8. *See State v. Clark*, 18-519 (La. App. 5 Cir. 12/27/18), 263 So.3d 957, 959-60, citing *State v. Daigle*, 593 So.2d 676 (La. App. 3 Cir. 1991), *writ denied*, 604 So.2d 980 (La. 1992). Furthermore, appellate courts may raise the time-bar of La. C.Cr.P. art. 930.8 *sua sponte*. *See Carlin v. Cain*, 97-2390 (La. 3/13/98), 706 So.2d 968. Because relator made no such showing of an exception to the time limitation provided in La. C.Cr.P. art. 930.8, we find that the district court erred in granting relator's untimely request for an out-of-time appeal of her convictions and sentences.

Accordingly, we **GRANT** this writ application and **REVERSE** the district court's ruling insofar as it granted relator an out-of-time appeal of her convictions and sentences.

### *Dismissal of APCR without prejudice*

While there is no right of appeal from a ruling revoking probation (*See* La. C.Cr.P. art. 912), in *State v. Broussard*, 21-1470 (La. 1/12/22), 330 So.3d 306, 307 (*per curiam*), the Louisiana Supreme Court construed the applicant's motion to correct an illegal sentence, filed within two years of the ruling revoking his probation, as a timely filed APCR by which relator could seek review of his probation revocation. Also, in *State ex rel. Clavelle v. State*, 02-1244 (La. 12/12/03), 861 So.2d 186, 187, the Supreme Court indicated that claims of improper probation revocation may be presented in post-conviction proceedings filed within two years of the revocation.

Here, relator timely sought review of her probation revocation after her probation was revoked on October 20, 2022 by filing an APCR with the district court on November 13, 2023.

Accordingly, we **VACATE** the district court's ruling insofar as it dismissed relator's APCR without prejudice and **REMAND** the matter to the district court

for consideration of the merits of relator's APCR challenging her probation revocation.

## DECREE

For the foregoing reasons, relator's writ application is **GRANTED.** The portion of the trial court's ruling which granted relator an out-of-time appeal of her convictions and sentences is **REVERSED**. Further, the portion of the trial court's ruling which dismissed without prejudice relator's APCR seeking review of the ruling revoking her probation is **VACATED,** and the matter is **REMANDED** to the district court for consideration of the merits of relator's APCR challenging her probation revocation.

**WRIT GRANTED; RULING GRANTING OUT-OF-TIME APPEAL REVERSED; RULING DENYING APCR WITHOUT PREJUDICE VACATED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 26, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 23-KH-608

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
STANISLAV L. MOROZ (RELATOR)          THOMAS J. BUTLER (RESPONDENT)

**MAILED**
CHRISTOPHER STINSON  (OTHER)
LOUISIANA TRANSITION CENTER FOR
WOMEN
1005 WEST GREEN STREET
TALLULAH, LA 71282